OPINION JUDGMENT ENTRY
{¶ 1} Defendant Delon Jackson appeals a default judgment of the Court of Common Pleas of Tuscarawas County, Ohio, entered in favor of plaintiff Brian Rennicker on his complaint for personal injuries. Appellant assigns three errors to the trial court:
 {¶ 2} "The trial court erred by granting the plaintiff/appellee a default judgment.
 {¶ 3} "The trial court abused its discretion in denying the defendant/appellant's request to file a late answer.
 {¶ 4} "The trial court's damage award was against the manifest weight of the evidence."
 {¶ 5} The record indicates appellee filed his complaint on November 26, 2001, and service was perfected on November 30, 2001. On February 4, 2002, the trial court entered a pre-trial scheduling order, setting a discovery cut-off date of May 30, 2002, and a jury trial scheduled for August 13, 2002. On April 2, 2002, appellee filed a motion for default judgment. On May 7, 2002, counsel for appellant filed a notice of appearance and a motion for leave to file an answer. On August 28, 2002, the trial court entered a default judgment against appellant without a hearing.
 {¶ 6} On July 31, 2003, the trial court held a hearing on the issue of damages. On September 2, 2003, the court awarded appellee $2,116.28 in compensatory damages and $25,000.00 in punitive damages.
 I {¶ 7} In his first assignment of error, appellant argues the trial court erred in entering default judgment in favor of appellee because appellant had never been served with the required seven-day notice.
 {¶ 8} Civ. R. 55(A) provides in part: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by the Rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefore. * * * If the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with the notice of the application for judgment at least seven days prior to the hearing on such application."
 {¶ 9} Compliance with the seven-day notice requirement of Civ. R. 55(A) is mandatory, see Midwest Flooring and Lining,Inc. v. Express Painting Corporation, Stark Appellate No. 2001-CA-00353, 2002-Ohio-2564, citing AMCA InternationalCorporation v. Carlton (1984), 10 Ohio St.3d 88.
 {¶ 10} In Hyway Logistic Services, Inc. v. Ashcraft,
Hancock Appellate No. 5-99-40, 2000-Ohio-1620, the Third District Court of Appeals reviewed a number of cases which construed the notice provisions of the Civ. R. 55. The court found courts generally construe the term "appeared" liberally, as in Suki v.Blum (1983), 9 Ohio App.3d 289, 459 N.E.2d 1311, where the defendant filed an untimely answer without leave of court. The court of appeals found this constituted an appearance. Likewise, in Gagliardi v. Flowers (1984), 13 Ohio App.3d 238,468 N.E.2d 933, and Hardware Supply Company vs. Edward Davidson, M.D.,Inc. (1985), 23 Ohio App.3d 145, 492 N.E.2d 168, courts have found filing a motion to file an answer instanter or a motion for extension of time to plead constitutes an appearance.
 {¶ 11} As the court of appeals in Hyway Logistic Services,Inc. noted the overriding, and dispositive concern in all cases must be whether the communication between parties or counsel, via telephone calls or otherwise, demonstrated a clear intent to defend the suit.
 {¶ 12} In the case at bar, counsel for appellant filed a notice of appearance and a motion for leave to file an answer prior to the entry of default judgment.
 {¶ 13} We find because appellant appeared in this action, the trial court erred in ruling on the motion for default without a hearing. Instead, appellant was entitled to seven days notice prior to the hearing on the motion.
 {¶ 14} The first assignment of error is sustained.
 II {¶ 15} In his second assignment of error appellant argues the trial court abused its discretion in overruling the appellant's request to file a late answer.
 {¶ 16} Appellant points out he caused no delay in the action because he filed his notice of appearance and motion for leave to plead before the cut-off date for the exchange of discovery. Appellant urges the Supreme Court has often held the courts should decide their cases on their merits, see DeHart v. AetnaLife Ins. Co. (1983), 69 Ohio St.2d 189.
 {¶ 17} Our standard of reviewing a trial court's judgment entered on a motion for leave to plead is the abuse of discretion standard. The Supreme Court has repeatedly defined the term abuse of discretion as implying the court's attitude is unreasonable, arbitrary, or unconscionable, see Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 18} In his motion for leave to plead and file his answer instanter, appellant cited as reasons for the delay excusable neglect and recently obtained counsel. The motion also alleges the answer is attached to the motion and incorporated within. However, this court was unable to find any proposed answer in the record.
 {¶ 19} The trial court found appellant had not demonstrated any evidence of excusable neglect, and this court is unable to find the trial court was wrong.
 {¶ 20} We find the trial court did not abuse its discretion in overruling the motion for leave to plead.
 {¶ 21} The second assignment of error is overruled.
 III {¶ 22} In his third assignment of error, appellant urges the trial court's damage award is against the manifest weight of the evidence. Because in I, supra, we find the default judgment must be set aside, the question of weight of the evidence on the damage award is premature.
 {¶ 23} The third assignment of error is overruled as premature.
 {¶ 24} For the foregoing reasons, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
Gwin, P.J., and Edwards, J., concur.
Hoffman, J., concurs in part; dissents in part.