[Cite as *Fifth Third Mtge. Co. v. Fantine*, 2011-Ohio-4968.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| FIFTH THIRD MORTGAGE COMPANY | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Julie A. Edwards, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 11 CA 20 |
| JEFFREY FANTINE | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:        Civil Appeal from the Court of Common
                                Pleas, Case No.  2010 CV 01343


JUDGMENT:                       Affirmed


DATE OF JUDGMENT ENTRY:         September 26, 2011


APPEARANCES:

For Plaintiff-Appellee          For Defendant-Appellant

ERIC T. DEIGHTON               CLINT WHITE
CARLISLE, MCNELLIE, RINI,      115 North Center Street
KRAMER AND ULRICH              Pickerington, Ohio  43147
24755 Chagrin Boulevard, Suite 200
Beachwood, Ohio  44122

*Wise, P. J.*

{¶1} Defendant-Appellant Jeffrey Fantine appeals the denial of his motion for relief from default judgment in a foreclosure action in the Court of Common Pleas, Fairfield County, brought by Plaintiff-Appellee Fifth Third Mortgage Company. The relevant facts leading to this appeal are as follows.

{¶2} On or about May 13, 2005, appellant signed a promissory note and mortgage regarding a residential property at 123 Behrens Court in Lancaster, Ohio. Appellant thereafter purportedly experienced an extended period of unemployment, which was eventually resolved when appellant obtained a new job in Maine. Although appellant moved out of Ohio, his mother continued to live at the Behrens Court address.

{¶3} On October 27, 2010, Appellee Fifth Third filed a foreclosure complaint against appellant in the Fairfield County Court of Common Pleas, seeking a principal balance of $71,053.32 plus interest at the rate of 6.625% per annum from July 1, 2010, plus late charges. Appellee requested service of the complaint both at the Lancaster, Ohio address and appellant's Hallowell, Maine address.

{¶4} On November 29, 2010, appellant filed a written motion with the trial court seeking additional time to answer or respond to the foreclosure complaint. Although the trial court allowed appellant additional time (until January 28, 2011), appellant did not answer or otherwise respond in court to the complaint.

{¶5} On February 3, 2011, appellee filed a motion for default judgment, serving a copy of same upon appellant at his Hallowell, Maine address.

{¶6} On February 14, 2011, the trial court granted default judgment in favor of appellee.

{¶7} On March 25, 2011, as further discussed infra, appellant filed a motion for relief from judgment, citing Civ.R. 60(B).

{¶8} On April 4, 2011, the trial court denied appellant's motion for relief from judgment.

{¶9} Appellant filed a notice of appeal on April 6, 2011. He herein raises the three Assignments of Error:

{¶10} "I.  THE TRIAL COURT ERRED IN DENYING 60(B) RELIEF TO THE APPELLANT WHERE THE APPELLANT PROPERLY DEMONSTRATED MERITORIOUS CLAIMS AND DEFENSES.

{¶11} "II.  THE TRIAL COURT ERRED IN DENYING 60(B) RELIEF TO THE APPELLANT WHERE THE APPELLANT PROPERLY DEMONSTRATED EXCUSABLE NEGLECT.

{¶12} "III.  THE TRIAL COURT ERRED IN DENYING 60(B) RELIEF TO THE APPELLANT WHERE THE APPELLANT PROPERLY DEMONSTRATED 'OTHER REASONS JUSTIFYING RELIEF.' "

I.

{¶13} In his First Assignment of Error, appellant contends the trial court erred in denying his motion for relief from the default foreclosure judgment under Civ.R. 60(B). We disagree.

{¶14} Civ.R. 60(B) states in pertinent part as follows:

{¶15} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered

evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *."

{¶16}  Civ.R. 60(B) represents an attempt to strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done. *Colley v. Bazell* (1980), 64 Ohio St.2d 243, 248, 416 N.E.2d 605 (citation omitted). A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court and a ruling will not be disturbed absent an abuse of discretion. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. The Ohio Supreme Court has held: " * * *[T]he trial court abuses its discretion in denying a [Civ.R. 60(B)] hearing where grounds for relief from judgment are sufficiently alleged and are supported with evidence which would warrant relief from judgment." *Kay v. Marc Glassman, Inc.,* 76 Ohio St.3d 18, 19, 1996-Ohio-430, citing *Adomeit v. Baltimore* (1974), 39 Ohio App.2d 97, 105.

**{¶17}** In order to prevail on a motion brought pursuant to Civ.R. 60(B), " * * * the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceedings was entered or taken." *Argo Plastic Products Co. v. Cleveland* (1984), 15 Ohio St.3d 389, 391, 474 N.E.2d 328, citing *GTE Automatic Electric v. ARC Industries* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. If any prong of this requirement is not satisfied, relief shall be denied. *Argo* at 391, 474 N.E.2d 328.

**{¶18}** Appellant first maintains that he has a meritorious defense to the default judgment of February 14, 2011 where the trial court failed to duly conduct a hearing on Appellee Fifth Third's default motion pursuant to Civ.R. 55(A). This Court has indeed recognized that " * * * if a party or his or her representative has appeared as a matter of record in any manner, the notice and hearing required by Civ.R. 55(A) must be given to that party before default judgment may be granted." *Lawrence v. Primetime Agrimarketing Network, Inc.*, Muskingum App.No. 2007-0051, 2008-Ohio-2552, f.n. 1, citing *Meglan, Meglan & Co., Ltd. v. Bostic,* Franklin App.No. 05AP-831, 2006-Ohio-2270, ¶ 13. Furthermore, where a defendant in a civil action has filed a notice of appearance and a motion for leave to file an answer prior to the entry of default judgment, the defendant has made an "appearance" for purposes of Civ.R. 55(A). See *Rennicker v. Jackson*, Tuscarawas App.No. 2003AP090076. 2004-Ohio-3051, ¶ 13.

**{¶19}** Nevertheless, it is well-established that a party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal. See *Doe v. Trumbull Cty. Children Services Bd.* (1986), 28 Ohio St.3d 128, 502 N.E.2d 605, paragraph two of the syllabus. In the case sub judice, we find appellant was improperly seeking to utilize Civ.R. 60(B) to challenge an alleged error in the trial court's granting of a default judgment without a Civ.R. 55(A) hearing, even though such alleged error was clearly appealable upon the issuance of the default judgment on February 14, 2011. We thus find appellant has failed to demonstrate that he has a meritorious defense or claim to present if relief is granted. *Argo*, supra.

**{¶20}** Appellant secondly maintains that because Appellee Fifth Third was purportedly discussing with him possible options to deal with his failure to make the mortgage payments, he will be able to set forth a defense of promissory estoppel against the foreclosure. The first element necessary to establish a claim for promissory estoppel is "a promise clear and unambiguous in its terms." See *Schepflin v. Sprint-United Telephone of Ohio* (April 29, 1997), Richland App.No. 96-CA-62-2, citing *Stull v. Combustion Engineering, Inc.* (1991), 72 Ohio App.3d 553, 557, 595 N.E.2d 504. The evidence upon which appellant relies in this regard is his affidavit filed in support of his 60(B) motion. However, while appellant therein averred that he discussed with appellee various alternatives to foreclosure and an eventual sheriff's sale of the property, appellant does not indicate that appellee made any specific oral promises to delay or forbear in the foreclosure process. Thus, upon review, we find no abuse of discretion in the trial court's rejection of appellant's claim of a meritorious defense of promissory estoppel for purposes of a motion for relief from judgment.

**{¶21}** Appellant's First Assignment of Error is overruled.

II.

**{¶22}** In his Second Assignment of Error, appellant contends the trial court erred in denying his motion for relief from the default foreclosure judgment on the basis of "excusable neglect" under Civ.R. 60(B)(1). We disagree.

**{¶23}** What constitutes "excusable neglect" depends on the facts and circumstances of each case. See *State v. Yount,* 175 Ohio App.3d 733, 889 N.E. 2d 162, 2008-Ohio-1155, ¶ 11. "While unusual or special circumstances can justify neglect, if a party could have controlled or guarded against the happening or event he later seeks to excuse, the neglect is not excusable." *National City Bank v. Kessler,* Franklin App. No. 03AP-312, 2003-Ohio-6938, ¶ 14. Furthermore, the experience and understanding of a layperson defendant with respect to litigation matters is a relevant consideration but not a decisive one. *Katko v. Modic* (1993), 85 Ohio App.3d 834, 838, 621N.E.2d 809.

**{¶24}** Appellant contends that his inaction in answering the foreclosure complaint or in responding to appellee's motion for default judgment was excusable neglect because of his travelling to care for his mother, because he was never provided with a Civ.R. 55(A) hearing, and because he reasonably relied on appellee negotiating a post-foreclosure settlement. However, in light of our previous analysis herein, and upon review of the record, we are unable to classify the trial court's denial of 60(B)(1) relief based on excusable neglect as unreasonable, arbitrary, or unconscionable. Cf., also, *University of Akron v. Mangan*, Summit App.No. 24167, 2008-Ohio-4844 (finding no abuse of discretion in trial court's conclusion that property owners' mistaken belief, as

pro se litigants, that they were not required to answer the complaint did not amount to excusable neglect.)

**{¶25}** Appellant's Second Assignment of Error is therefore overruled.

III.

**{¶26}** In his Third Assignment of Error, appellant argues the trial court erred in denying his motion for relief from the default foreclosure judgment under Civ.R. 60(B)(5). We disagree.

**{¶27}** Civ.R. 60(B)(5) operates as a "catch-all" provision and reflects the inherent power of a court to relieve a person from the unjust operation of a judgment. *Dutton v. Potroos*, Stark App.No. 2010 CA 00318, 2011-Ohio-3646, ¶ 49 (internal citations and quotations omitted). This section of the rule is reserved for "extraordinary and unusual case[s]." Id., citing *Myers v. Myers,* Summit App.No. 22393, 2005–Ohio–3800, ¶ 14.

**{¶28}** In his motion for relief from judgment, appellant urged that his relocation to Maine, his responsibility in caring for his disabled, elderly mother, and the use of the subject property as his mother's residence justified relief under Civ.R. 60(B)(5). However, the trial court, in its review and ultimate denial of the motion to vacate, specifically weighed these circumstances, and we are unable to find that the court's decision in this regard rose to the level of an abuse of discretion.

**{¶29}** Appellant's Third Assignment of Error is therefore overruled.

**{¶30}** For the reasons stated in the foregoing opinion, the judgment of the Court

of Common Pleas, Fairfield County, Ohio, is affirmed.

By: Wise, P. J.

Edwards, J., concurs.

Delaney, J., dissents.

_____

_____

_____

JUDGES

JWW/d 0811

*Delaney, J., dissenting*

{¶31} I respectfully dissent from the majority opinion.

{¶32} I would reverse the trial court's denial of Appellant's Civ.R. 60(B) motion based upon the holding of *Plant Equipment v. Nationwide Control Service, Inc.*, 155 Ohio App.3d 46, 2003-Ohio-5395, 798 N.E.2d 1202, which instructs that Civ. R. 55(A) requires a hearing and that an appearing defendant be given notice of the date of the hearing that will impose liability upon that defendant; and that the failure of the trial court to comply with Civ.R. 55(A) renders the default judgment void and thus a nullity, which may be collaterally attacked at any time, and the party attacking the judgment need not meet the requirements of Civ.R. 60(B).

{¶33} I would therefore sustain Appellant's First Assignment of Error, reverse the trial court's judgment and remand the case for further proceedings.

HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


FIFTH THIRD MORTGAGE COMPANY   :
                                     :

     Plaintiff-Appellee                 :

                                       :

-vs-                                     :             JUDGMENT ENTRY

                                     :

JEFFREY FANTINE                  :

                                     :

     Defendant-Appellant       :            Case No. 11 CA 20


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.

Costs assessed to appellant.


                                               _____

                                               _____

                                             _____

                                                  JUDGES