[Cite as *Household Realty Corp. v. Kamar*, 2014-Ohio-508.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| HOUSEHOLD REALTY CORPORATION | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | |
| -vs- | : | |
| | : | |
| SHEKU KAMARA, ET AL. | : | Case No. 13 CAE 07 0054 |
| | : | |
| Defendants-Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Case No. 12 CVE 10 1186



JUDGMENT:                        Affirmed



DATE OF JUDGMENT:                February 12,  2014



APPEARANCES:

For Plaintiff-Appellee                    For Defendants-Appellants

CHRISTINE E. WATCHORN                     BRIAN K. DUNCAN
88 East Broad Street                      BRYAN D. THOMAS
Suite 1600                                155 East Broad Street, Suite 2200
Columbus, OH  43215-3506                  Columbus, OH  43215

*Farmer, J.*

{¶1}    On October 10, 2012, appellee, Household Realty Corporation, filed a complaint in foreclosure against appellants, Sheku Kamara and Halimatou Souare Kamara, for money due and owing on a note.  On June 3, 2013, appellee filed a motion for default judgment for appellants' failure to answer or otherwise defend.  By judgment entry filed June 5, 2013, the trial court granted the motion.

{¶2}    Appellants filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶3}    "THE TRIAL COURT ERRED WHEN IT GRANTED DEFAULT JUDGMENT AS DEFENDANTS WERE NOT AFFORDED THE OPPORTUNITY TO RESPOND, AS THE MOTION FOR DEFAULT JUDGMENT WAS GRANTED TWO DAYS AFTER THE SAME WAS FILED AND SAID MOTION WAS FILED UNTIMELY PURSUANT TO CIV. R. 5(D)."

II

{¶4}    "THE TRIAL COURT ERRED WHEN IT HELD THAT THE DEFENDANTS WERE IN DEFAULT OF ANSWER, AND PREVENTED DEFENDANTS FROM PRESENTED (SIC) EVIDENCE THAT DEFENDANTS HAD MADE SIX (6) CONSECUTIVE MORTGAGE PAYMENTS PURSUANT TO THE TERMS OF A LOAN MODIFICATION AGREEMENT."

I, II

{¶5}    Appellants claim the trial court erred in granting default judgment without giving them the opportunity to respond in violation of Civ.R. 55(A), and the motion for default was untimely filed under Civ.R. 5(D).

{¶6}    There is no dispute that appellants failed to answer or offer a defense; however, with their various requests for extensions of time to respond (October 19 and 29, 2012 and two on November 5, 2012) which were denied, they made an appearance in the case.

{¶7}    Civ.R. 55 governs default.  Subsections (A) and (B) state the following:

**(A) Entry of judgment**

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; but no judgment by default shall be entered against a minor or an incompetent person unless represented in the action by a guardian or other such representative who has appeared therein.  If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application.  If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of

any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.

**(B) Setting aside default judgment**

If a judgment by default has been entered, the court may set it aside in accordance with Rule 60(B).

{¶8} Civ.R. 5 governs service and filing of pleadings and other papers subsequent to the original complaint. Subsection (D) states the following:

All documents, after the original complaint, required to be served upon a party shall be filed with the court within three days after service, but depositions upon oral examination, interrogatories, requests for documents, requests for admission, and answers and responses thereto shall not be filed unless on order of the court or for use as evidence or for consideration of a motion in the proceeding.

{¶9} Appellee's June 3, 2013 motion for default contained the following proof of service:

A copy of the foregoing Motion and Notice was mailed by Ordinary U.S. Mail this 22 day of May, 2013, to the following:

Sheku Kamara
597 Locust Court
Westerville, Ohio  43082

Halimatou Souare Kamara
597 Locust Court
Westerville, Ohio  43082

Citifinancial, Inc.
300 St. Paul Place
Baltimore, Maryland  21202

Christopher D. Betts
Asst. Prosecutor of Delaware County
140 North Sandusky Street
Delaware, OH  43015

{¶10} Filed contemporaneously with the motion for default was an affidavit of amount due as required by Loc.R. 31 of the Court of Common Pleas of Delaware County and the final judicial report.

{¶11} From May 22, 2013 (proof of service) to June 5, 2013 (judgment entry granting default), fourteen days had passed.  Appellants argue Civ.R. 55(A) requires that seven days must pass before the filing of a default judgment.  We disagree with this interpretation of the rule.  The passage of seven days prior to judgment begins to run at the time of the proof of service of the motion for default, not the filing date of the motion.

{¶12} The provisions of Loc.R. 31.01 and 31.04 of the Court of Common Pleas of Delaware County and Civ.R. 55 are substantially similar:

**31.01** When a party against whom a judgment for affirmative relief

is sought who has been served and has failed to plead or otherwise

defend as provided by the Civil Rules, the party entitled to a judgment by

default shall promptly apply in writing to the trial judge within thirty days after the date upon which the defaulting party should have pled or otherwise defended. Service of the motion upon the defendant(s) is required even if the defendant(s) has not made an appearance in the case. The written motion shall include where appropriate, if not previously submitted to the court, the following documents: proof of assignment from the original creditor or original party in interest to the plaintiff and the last billing statement from the original creditor sent to the defendant(s), or an affidavit explaining why any of the required documents are not available.

**31.04** Pursuant to Civ.R. 55, if the party against whom judgment by default is sought has appeared in the action, written notice of the hearing on the motion shall be served upon all parties.

{¶13} We find appellee complied with Civ.R. 55(A) and the default judgment was timely filed. Any delay in filing the motion under Civ.R. 5 constitutes harmless error as it did not "affect the substantial rights of the parties." Civ.R. 61.

{¶14} Appellants also argue they were entitled to a hearing on the motion for default. Apart from a specific challenge to the amount of damages available only on cross-examination, the hearing would have been a non-event. Further, Loc.R. 7.06 of the Court of Common Pleas of Delaware County implies that all hearings on motions are non-oral hearings: "Except as otherwise ordered by the judge or magistrate, all motions are hereby set for a non-oral hearing to occur on the twenty-first day following the filing of the motion."

{¶15} Under Loc.R. 31.01, appellee was required to pursue its motion for default and the trial court so ordered all parties to file any dispositive motions by June 10, 2013. See, Judgment Entry filed March 8, 2013. Appellants were served this order. Appellants never presented any evidence to the trial court of previous payments via Civ.R. 60(B) as they now argue.

{¶16} Upon review, under these provisions and appellants' undisputed default, we find the trial court did not err in granting default judgment to appellee.

{¶17} Assignments of Error I and II are denied.

{¶18} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.

SGF/sg 115