[Cite as *Guiley v. Dewalt*, 2017-Ohio-4151.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| RICHARD R. GUILEY, ADMINISTRATOR OF THE ESTATE OF AUDREY J. WILHELM | JUDGES: Hon. W. Scott Gwin, P.J. Hon. William B. Hoffman, J. Hon. John W. Wise, J. |
| Plaintiff-Appellee | Case No. 2016CA00156 |
| -vs- | |
| CAROL R. DEWALT, ET AL. | O P I N I O N |
| Defendants-Appellees | |
| U.S. BANK NATIONAL ASSOCIATION | |
| Defendant-Appellant | |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Stark County Probate Court, Case No. 226033 |
| JUDGMENT: | Affirmed in Part, Reversed and Remanded In Part |
| DATE OF JUDGMENT ENTRY: | June 5, 2017 |
| APPEARANCES: | |

| | |
|---|---|
| For Defendant-Appellant - U.S. Bank National Association | For Plaintiff-Appellee |
| DEAN KANELLIS Felty & Lembright, Co., L.P.A. 1001 Lakeside Avenue, Suite 1300 Cleveland, Ohio 44114 | RICHARD R. GUILEY Guiley & Guiley, Co., L.P.A. P.O. Box 35697 Canton, Ohio 44735 |

*Gwin, J.*

**{¶1}** Appellant appeals the July 15, 2016 judgment entry of the Stark County Court of Common Pleas, Probate Division, granting default judgment against appellant and in favor of appellee.

*Facts & Procedural History*

**{¶2}** On April 28, 2016, appellee Richard R. Guiley, Administrator of the Estate of Audrey J. Wilhelm, filed a complaint to sell real estate to pay debts. Appellee filed an amended complaint on April 29, 2016, joining appellant U.S. Bank National Association as a defendant. The complaint averred that appellant, "possess or claims to possess a valid interest in the real estate by virtue of an assignment of mortgage * * * dated April 18, 2016 and recorded on April 18, 2016." It is undisputed that appellant has a valid mortgage on the property in the unpaid amount of $44,256.43. Decedent signed the mortgage with Residential Bancorp, and Residential Bancorp assigned the mortgage to appellant.

**{¶3}** On May 2, 2016, the trial court issued a summons to appellant. The summons states, in pertinent part:

(1) YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON THE PLAINTIFF'S ATTORNEY A COPY OF YOUR **WRITTEN ANSWER** TO THE COMPLAINT WITHIN TWENTY-EIGHT (28) DAYS AFTER THE SERVICE OF THE SUMMONS ON YOU, EXCLUSIVE OF THE DAY OF SERVICE.

(2) YOUR **WRITTEN ANSWER** MUST ALSO BE FILED WITH THE COURT WITHIN THREE (3) DAYS AFTER THE SERVICE OF A COPY OF THE ANSWER ON THE PLAINTIFF'S ATTORNEY.

IF YOU FAIL TO COMPLY WITH PARAGRAPHS (1) AND (2), JUDGMENT BY DEFAULT WILL BE RENDERED AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

**{¶4}** The trial court docket contains an entry on May 5, 2016 stating, "SUMMONS RETURNED-SERVED\*\*\* NOTICE TO: U.S. BANK NATIONAL ASSOCIATION." On May 9, 2016, a United States Postal Service domestic return receipt was filed with the trial court regarding service upon appellant. The receipt indicates service was made by certified mail; however the receipt is neither signed by a representative of appellant, nor dated to indicate the date of service. By comparison, the filed return receipts relative to the other named defendants each contain a signature.

**{¶5}** On June 10, 2016, appellee filed a motion for default judgment as to various defendants, including appellant. The motion avers on or before May 9, 2016, service was successful on the defendants, including appellant. The proof of service of appellee's motion for default judgment indicates appellant was served with a copy of the motion by regular mail on June 8, 2016.

**{¶6}** On June 13, 2016, appellant filed an answer to the amended complaint with the trial court without leave of court. The proof of service attached to the answer states appellant "served a copy of the foregoing Answer on the following parties or their counsel by Ordinary U.S. Mail, this 7th day of June, 2016."

**{¶7}** The trial court issued a judgment entry on July 15, 2016 and granted default judgment in favor of appellee against appellant. The judgment entry states, "the complaints were served upon the aforesaid Defendant on or before May 10, 2016, rendering the answer date for said Defendants on or before June 7, 2016. The aforesaid

Defendants failed to file an answer or otherwise respond by the prescribed date." The trial court's judgment entry cites Civil Rule 55(A) and (B) in rendering its decision. The trial court further states, "* * * Defendant U.S. Bank failed to request leave to file its answer beyond the timeframe prescribed by law and failed to establish that its failure to answer in a timely manner was due to excusable neglect."

{¶8} The trial court entered an order of sale and judgment entry finding sale necessary via separate judgment entries on July 15, 2016. The order of sale was stayed by the trial court upon motion of appellant with the posting of bond.

{¶9} On August 9, 2016, appellee filed a notice of service on appellant of the amended complaint. The notice of service avers service of the amended complaint was perfected on appellant on May 5, 2016 at 9:52 a.m. Appellee attached the electronic signature of proof of service for the United States Postal Service. The notice of service will not be considered for purposes of this appeal, as the document was not before the trial court at the time the trial court granted the motion for default judgment against appellant.

{¶10} Appellant appeals the July 15, 2016 judgment entry of the Stark County Court of Common Pleas, Probate Division, and assigns the following as error:

"I. THE PROBATE COURT COMMITTED REVERSIBLE ERROR, AS A MATTER OF LAW, AND ABUSED ITS DISCRETION, BY GRANTING THE ADMINISTRATOR'S MOTION FOR DEFAULT JUDGMENT, WHEN U.S. BANK HAD TIMELY SERVED ITS ANSWER TO THE AMENDED COMPLAINT.

"II. THE PROBATE COURT COMMITTED REVERSIBLE ERROR, AS A MATTER OF LAW, AND ABUSED ITS DISCRETION, BY ENTERING JUDGMENT BY DEFAULT

AFTER U.S. BANK HAD SERVED AND FILED ITS ANSWER TO THE AMENDED COMPLAINT.

"III. THE PROBATE COURT COMMITTED REVERSIBLE ERROR, AS A MATTER OF LAW, AND ABUSED ITS DISCRETION BY ENTERING JUDGMENT BY DEFAULT WITHOUT SCHEDULING A HEARING AND PROVIDING U.S. BANK'S COUNSEL WITH NOTICE THEREOF, AS REQUIRED BY CIVIL RULE 55."

I. & II.

**{¶11}** In both its first and second assignments of error, appellant contends the trial court erred by granting appellee's motion for default judgment because appellant timely served and filed its answer to the complaint. We disagree.

**{¶12}** The trial court docket establishes service of the complaint on appellant on May 5, 2016. On May 9, 2016, a U.S. Postal Service domestic return receipt reflecting service on appellant was filed with the trial court. Appellant then had twenty-eight days to serve its answer, until June 2, 2016, pursuant to Civil Rule 12(A). Appellant filed its answer with the trial court on June 13, 2016 and served the answer on appellee's counsel on June 7, 2016. Accordingly, we find appellant's answer was untimely. Appellant's first and second assignments of error are overruled.

III.

**{¶13}** In its third assignment of error, appellant argues the trial court erred in granting default judgment without scheduling a hearing and providing appellant's counsel with notice of such hearing. We agree.

**{¶14}** We first note it is undisputed that appellant has a valid mortgage on the property in the unpaid amount of $44,256.43.

**{¶15}** Civil Rule 55(A) provides, in pertinent part, "If the party against whom judgment by default is sought has appeared in an action, he (or, if appearing by representative, his representative), shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application * * *.

**{¶16}** Stark County Probate Local Rule 78.7(B) reads,

**LOCAL RULE 78.7 – MOTIONS**

A. The moving party shall serve and file with the motion a brief written statement in support of the motion and a list of citations of authorities in support. Opposing counsel or a party shall serve the response memorandum on or before the fourteenth (14th) day after the date of service as set forth on the Certificate of Service attached to the served copy of the motion.

B. All motions shall be determined upon the pleadings and memorandum in support. Oral arguments upon motions may be permitted upon written application and after showing of good cause.

C. When a hearing is granted, the Court shall set the hearing within thirty (30) days after receipt of the request.

**{¶17}** For purposes of Civil Rule 55(A), we must first determine whether appellant "appeared" in the action. As this Court has previously noted, in construing the notice provisions of Civil Rule 55(A), Ohio courts have liberally interpreted the term "appeared." *Platinum Financial Services Corp. v. Johnson*, 5th Dist. Perry No. 03CA11, 2004-Ohio-43; *Rennicker v. Jackson*, 5th Dist. Tuscarawas No. 2003AP090076, 2004-Ohio-3051. Absent a formal filing, a defendant may appear through informal contracts with the plaintiff

or with the court; the dispositive concern is whether a defendant demonstrated a clear intent to defend the suit. *Id.*

**{¶18}** We have previously held that a notice of appearance and motion for leave to file an answer prior to the entry of default judgment but after the motion for default is filed constituted an appearance for purposes of Civil Rule 55. *Rennicker v. Jackson*, 5th Dist. Tuscarawas No. 2003AP090076, 2004-Ohio-3051. Further, we have twice favorably cited the case of *Suki v. Blume*, 9 Ohio App.3d 289, 459 N.E.2d 1311 (8th Dist. 1983) in our discussion of what constitutes an appearance for purposes of Civil Rule 55. In *Suki*, the court found filing an untimely answer without leave of court constitutes an appearance. *Id.*

**{¶19}** In this case, while appellant's answer was untimely, it was served on appellee's counsel on June 7, 2016, one day before appellee's counsel served the motion for default on appellant and three days before the motion for default was filed with the court on June 10, 2016. In these circumstances, we find appellant appeared in the action for purposes of Civil Rule 55 and thus, pursuant to Civil Rule 55(A), was entitled to be "served with written notice of the application for judgment at least seven days prior to the hearing on such application."

**{¶20}** This court has repeatedly held that if a party or his or her representative has appeared as a matter of record, in any manner, the notice and hearing required by Civil Rule 55(A) must be given to that party before default judgment may be granted. *Fifth Third Mortgage Co. v. Fantine*, 5th Dist. Fairfield No. 11 CA 20, 2011-Ohio-4968; *Lawrence v. Primetime Agrimarketing Network, Inc.*, 5th Dist. Muskingum No. 2007-0051, 2008-Ohio-4968; *Platinum Financial Services Corp. v. Jackson*, 5th Dist. Perry No.

03CA11, 2004-Ohio-43; *Rennicker v. Jackson*, 5th Dist. Tuscarawas No. 2003AP090076, 2004-Ohio-3051; *Steinmetz v. Woodgeard*, 5th Dist. Fairfield No. 96 CA 46, 1997 WL 219153 (April 10, 1997). We have also held the trial court has discretion as to whether to hold an oral hearing or a non-oral hearing on a motion for default judgment. *Wampum Hardware Co. v. Moss*, 5th Dist. Guernsey Nos. 14 CA 20, 14 CA 17, 2015-Ohio-2564.

**{¶21}** In this case, while appellant was served with the motion for default, appellant was never given notice of the date for the oral or non-oral hearing. The purpose of the notice of the hearing date is so the parties can submit arguments and/or materials in support or opposition to the motion.

**{¶22}** Appellee contends this case is analogous to *Household Realty v. Kamara*, 5th Dist. Delaware No. 13 CAE 07 0054, 2014-Ohio-508, in which we held the local rule was sufficient to give parties notice and a hearing as contemplated by Civil Rule 55. However, we find Local Rule 78.7, the local rule at issue in this case, distinguishable from the local rule at issue in *Household Realty v. Kamara,* where the motions are automatically set for non-oral hearing to occur on the twenty-first day following the filing of the motion. Under Local Rule 78.7, motions are not automatically set for hearing on a specific date.

**{¶23}** Further, the local rule of the probate court pertains to motions in general. It is not a substitute for the provisions of Civil Rule 55. *Murphy v. Murphy*, 5th Dist. Stark No. 2005-CA-00101, 2006-Ohio-557 (finding any local rule is unenforceable to the extent it is inconsistent with the Civil Rules); *Wigley v. Fredmont Builders, Inc.*, 5th Dist. Stark No. 1997CA00440, 1998 WL 345504 (June 15, 1998) (holding local rules are subservient to the general rules of civil procedure). Pursuant to Civil Rule 55(A), at least seven days

prior to the hearing, appellant must be served or otherwise notified of the motion for default judgment and be informed of the date of the hearing.  Because no specific date was set for the hearing on the motion for default either by the trial court or automatically set pursuant to Local Rule 78.7, appellant did not receive more than seven days' notice of the date of the hearing pursuant to Civil Rule 55(A).

{¶24} Accordingly, appellant's third assignment of error is sustained.

**{¶25}** The July 15, 2016 judgment entry of the Stark County Court of Common Pleas, Probate Division, is affirmed in part and reversed and remanded in part for further proceedings in accordance with this opinion.

By: Gwin, P.J., and

Wise, John, J. concur;

Hoffman, J., concurs in

part, dissents in part

*Hoffman, J., concurring in part and dissenting in part,*

**{¶26}** I concur in the majority's conclusion Appellant's answer was not timely filed; therefore, concur in its disposition of Appellant's first and second assignments of error.

**{¶27}** I respectfully dissent from the majority's analysis and disposition of Appellant's third assignment of error. I do so fully aware U.S. Bank has a valid mortgage in the amount of $44,256.43, against the property. In support of my decision, I offer the following analysis.

**{¶28}** On June 10, 2016, Appellee filed the motion for default judgment, with proof of service upon U.S. Bank.[1] Civil Rule 55 requires, "If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application."

**{¶29}** U.S. Bank made its first "formal" appearance in the action on June 13, 2016, the date it filed its answer in the trial court. If such date constituted its first "appearance" in the action, written notice of the application for default judgment would not have been required to be served on U.S. Bank, as U.S. Bank had not yet "formally" appeared in the action at the time the application for default judgment was filed. However, Appellee did gratuitously serve the written motion upon U.S. Bank on June 8, 2016, as indicated in the proof of service.

**{¶30}** I am in agreement with the majority U.S. Bank appeared in the action. But, the question becomes when did it first appear.

---

[1] Service was completed on U.S. Bank, not counsel for U.S. Bank.

**{¶31}** Arguably [and as found by the majority], U.S. Bank "informally" appeared in the action, at the very earliest, on June 7, 2016, when it sent, via Ordinary U.S. Mail, its answer to Appellee's counsel. However, it is unreasonable to believe Appellee's counsel would have received the answer that same day or even the next day, given normal mail processing. The fact Appellee's counsel's proof of service of its motion for default judgment was sent via regular U.S. mail on June 8, 2016, to U.S. Bank (as opposed to counsel for U.S. Bank), lends support to the conclusion Appellee's counsel was first notified of U.S. Bank's intent to defend the suit after June 8, 2016.[2, 3]

**{¶32}** Assuming, arguendo,[4] U.S. Bank appeared on June 7, 2016, the question becomes what is the effect of such appearance. The majority maintains U.S. Bank's appearance entitled it to notice of the date for hearing before default judgment may be granted. However, I interpret Civil Rule 55(A) as only requiring written notice of the application for default judgment, not written notice of the date of hearing. If U.S. Bank is considered to have "informally" appeared on June 7, 2016, it was entitled to written notice of the application for judgment at least seven days prior to the hearing on such application. As noted supra, U.S. Bank did receive written notice of the application when Appellee's counsel served U.S. Bank a copy of the motion for default judgment on June 8, 2016.[5]

---

[2] This is why I found Appellee "gratuitously" served U.S. Bank notice of the application for default judgment pursuant in Civ. R. 55.

[3] It appears likely U.S. Bank's answer and Appellee's motion for default judgment crossed in the mail.

[4] In my dissent in *Rennicker v. Jackson*, 5th Dist. Tuscarawas No 2003AP090076, 2004-Ohio-3051, I concluded if a defendant first appears after the plaintiff files a motion for default judgment, the seven day notice requirement in Civ.R. 55(A) does not apply.

[5] I acknowledge U.S. Bank may not have received the copy before June 10, 2016.

**{¶33}** Pursuant to Local Rule 78.7, U.S. Bank then had fourteen days from the receipt of the motion to serve a response thereto. U.S. Bank failed to do so.

**{¶34}** The rule provides, all motions "shall be determined upon the pleadings and memorandum in support. Oral arguments upon motions may be permitted upon written application and after a showing of good cause." I find the rule contemplates a non-oral hearing on the motion for default judgment, to be determined upon the pleadings and the memorandum in support. U.S. Bank did not file a response memorandum or make a written application for oral argument or otherwise show good cause for the trial court to conduct an oral hearing on the motion.

**{¶35}** I find the trial court complied with both the civil and local rules in granting Appellee's motion for default judgment. U.S. Bank had more than seven days notice before the earliest time the motion could be determined under the local rule (June 24, 2016). I do not read Civil R. 55 to specifically require a separate written notice of the date of the hearing on the motion. Although the trial court did not issue its decision until July 15, 2016, Appellee never filed anything in opposition to the motion before then.[6]

**{¶36}** When coupled with my conclusion Local R. 78.7 provides a "de-facto" notice of a non-oral hearing date 14 days after the motion was filed, I find U.S. Bank effectively received the requisite 7 day notice. As this Court previously observed, a trial court has discretion to hold an oral or non-oral hearing on a motion for default judgment. *Wampum Hardware Co. v. Moss,* 5th Dist. Guernsey Nos. 14CA20, 14CA17, 2015-Ohio-2564.

---

[6] I concede the distinction the majority makes between the local rule in this case and the local rule this Court analyzed in *Household Reality*, supra. Unlike the majority, I find it to be a distinction without a difference. Here, the non-oral hearing could occur as early as 14 days after the motion; therefore, Appellant was on notice.

**{¶37}** I would also overrule Appellant's third assignment of error and affirm the decision of the trial court.