[Cite as *US Bank v. Smith*, 2020-Ohio-3328.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| U.S. BANK, N.A., SUCCESSOR TRUSTEE TO LASALLE BANK NATIONAL ASSOCIATION, ON BEHALF OF THE HOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I TRUST 2004-HE11, ASSET-BACKED CERTIFICATES SERIES 2004-HE11, | : : : : : | **O P I N I O N**<br><br>**CASE NO. 2019-A-0081** |
| Plaintiff-Appellee, | : | |
| - vs - | : | |
| RACHEL L. SMITH a.k.a. RACHEL SMITH, et al., | : : | |
| Defendants-Appellants. | : : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2019 CV 00263.

Judgment: Affirmed in part, reversed in part, and remanded.

*Gwenn S. Karr*, Eckert Seamans Cherin & Mellott, LLC, 600 Grant Street, 44th Floor, Pittsburgh, PA 15219 (For Plaintiff-Appellee).

*Ari M. Goldstein*, Goldstein Legal Services, LLC, 571 East 185th Street, Cleveland, OH 44119 (For Defendants-Appellants).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellants, Rachel L. Smith, et al., appeal from the default judgment entered in favor of appellee, U.S. Bank, N.A., Successor Trustee to Lasalle Bank National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust

2004-HE11, Asset-Backed Certificates Series 2004-HE11. We affirm in part, reverse in part, and remand the matter for further proceedings.

{¶2} On July 19, 2004, appellants executed a promissory note ("the Note") for a loan in the amount of $128,000 from lender Intervale Mortgage Corporation. On the same date, appellants executed a mortgage ("the Mortgage") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as mortgagee, solely as nominee for Intervale Mortgage Corporation, its successors, and assigns. The mortgage was duly recorded in the Ashtabula County records. The note and mortgage reference the property intended as security for the mortgage as located at 5637 Loveland Road, Jefferson, Ohio 44047.

{¶3} The Note contains two indorsements. The first, by the lender, Intervale Mortgage paid to the order of Decision One Mortgage Company. The second, an indorsement in blank by Decision One Mortgage Company.

{¶4} The Mortgage was assigned several times prior to appellee filing the underlying action. First, on April 23, 2012, MERS assigned the Mortgage to appellee. On November 30, 2012, appellee assigned the Mortgage to JPMorgan Chase Bank, N.A. Then, on April 18, 2019, JPMorgan Chase Bank, N.A. assigned the Mortgage back to appellee.

{¶5} Appellants defaulted on the Note and Mortgage in July 2018. Notice of default was mailed to appellants in January 2019. On May 16, 2019, appellee filed the underlying complaint. On June 28, 2019, appellants filed a motion to dismiss the complaint. A hearing on the motion was scheduled for August 22, 2019. Following the hearing, at which appellants and their counsel failed to appear, the trial court entered judgment denying their motion to dismiss.

2

{¶6} Appellants failed to file an answer and, on September 26, 2019, appellee filed a motion for default judgment. On October 2, 2019, the trial court entered judgment in appellee's favor on the complaint for foreclosure. Appellants appealed and assign three errors. The first provides:

{¶7} "The trial court erred to the prejudice of the appellants by granting default judgment without providing proper, Constitutional notice of hearing and opportunity to the appellants to be heard and defend the matter."

{¶8} Under their first assignment of error, appellants argue their procedural due process rights were violated when the trial court granted default judgment without proper notice of a hearing and, consequently, without the opportunity to be heard. They assert that because they made an appearance, via the filing of the motion to dismiss, Civ.R. 55 required the trial court to conduct a hearing on the motion for default judgment.

{¶9} It is well settled that procedural due process mandates notice and an opportunity to be heard before judgment can be entered against a party. *Zamos v. Zamos,* 11th Dist. Portage No. 2004-P-0108, 2005-Ohio-6075, ¶19. Further, whether one has been accorded procedural due process is a question of law that we review de novo. *See LTV Steel Co. v. Industrial Comm'n,* 140 Ohio App.3d 680, 687 (10th Dist.2000).

{¶10} Civ.R. 55(A) provides in pertinent part:

{¶11} When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefore * * *. If the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application.

3

{¶12} There is no dispute that appellants made an appearance through filing the motion to dismiss. Moreover, appellants do not dispute they received notice and the record reflects that appellee served appellants with the motion on September 25, 2019. Seven days after appellee filed the motion, the trial court entered judgment on the motion on October 2, 2019. At no point did the trial court set the matter for hearing. "It is acceptable practice * * * for trial courts to dispose of motions without formal hearing, so long as due process rights are afforded." *Buckeye Supply Co. v. Northeast Drilling Co.*, 24 Ohio App.3d 134, 136 (10th Dist.1985). Pursuant to Ashtabula County Local Rule 6(C)(2), captioned "Case Management; Civil Cases," a party is not entitled to an oral hearing on a motion "unless oral argument is requested and determined necessary by the court." Here, the application for default judgment may be reasonably construed as a motion. *See* Staff Notes to Civ.R. 55 ("[w]hen one 'applies' or makes an 'application' he does so by motion.") As such, without any request for an oral hearing, the court could proceed to judgment via an "informal," non-oral hearing so long as such a hearing comports with due process.

{¶13} Civ.R. 55(A) presupposes that the trial court schedule a hearing and that written notice of the application be served at least seven days prior to the scheduled hearing. Here, appellee filed its motion and apparently served appellants with the motion via email. The court, however, did not set a date for a non-oral hearing and thus failed to provide appellants with a reasonable opportunity to be heard. Although appellants were on notice that appellee had filed the motion, the trial court's entry of judgment does not constitute a non-oral hearing. The Staff Notes for Civ.R. 55 definitively support this conclusion. The Notes state: "if defendant fails to plead or otherwise defend, plaintiff,

4

after answer time expires, applies to the court for a default judgment. *A hearing time is set.* After hearing, the court grants a default judgment for a liquidated or an unliquidated sum as the case may be." (Emphasis added.) In discussing the basic procedure for default judgment, the Notes further provide that "[t]he court, under Rule 55(A) would set a hearing, require the necessary proof of the claim, and enter a default judgment if the motion were justified." Further, various other appellate districts have expressly emphasized the necessity of setting a hearing before granting default judgment where, as here, a defendant has made an appearance. *Guiley v. Dewalt*, 5th Dist. Stark No. 2016CA00156, 2017-Ohio-4151, ¶20, citing *Fifth Third Mortgage Co. v. Fantine*, 5th Dist. Fairfield No. 11 CA 20, 2011-Ohio-4968, ¶18; *Lawrence v. Primetime Agrimarketing Network, Inc.*, 5th Dist. Muskingum No. 2007-0051, 2008-Ohio-2552, fn.1; *Platinum Fin. Servs. Corp. v. Jackson*, 5th Dist. Perry No. 03CA11, 2004-Ohio-43; ¶11; *Meglan, Meglan, & Co., Ltd. v. Bostic*, 10th Dist. Franklin No. 05AP-831, 2006-Ohio-2270, ¶13; *Matress Distrib., Inc. v. Cook*, 8th Dist. Cuyahoga No. 81794, 2003-Ohio-1361, ¶10; *Columbia Credit Servs., Inc. v. Ruetschle*, 2d Dist. Montgomery No. 21717, 2007-Ohio-4332, ¶8.

{¶14} The wisdom of scheduling a hearing, whether oral or non-oral, when a motion for default judgment is filed is fundamental: It provides the defendant with "'notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections[,]'" i.e. due process. *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Ass.*, 28 Ohio St.3d 118, 124-125 (1986) quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). By entering judgment, without prior notice of a hearing date, even if such

5

judgment is entered seven days after written notice of the motion is served, does not reasonably afford the defendants an opportunity to present their objection(s). The procedure taken by the trial court therefore violated appellant's right to due process.

{¶15} We recognize that this holding conflicts with this court's opinion in *JPMorgan Chase Bank, N.A. v. Muzina*, 11th Dist. Lake No. 2015-L-028, 2015-Ohio-4432. In that matter, even though the defendant made an appearance, no notice of hearing was sent upon the plaintiff's filing of its motion for default judgment; this court, however, determined no due process violation occurred because (1) the defendants made an appearance; (2) they received notice via service of the plaintiff's motion for default judgment; (3) they did not oppose the motion; and (4) the court entered judgment more than seven days after notice was received. *Id.* at ¶31. In light of our analysis in this case, we take this opportunity to expressly reject the due-process analysis addressed in *Muzina* and conclude that, where a defendant makes an appearance and a plaintiff files a motion for default judgment, the trial court must set the matter for an oral or non-oral hearing before ruling on the motion to preserve the defendant's right to due process.

{¶16} Appellants' first assignment of error has merit.

{¶17} Appellants' second assignment of error provides:

{¶18} "The trial court erred to the prejudice of the appellants by entering judgment in favor of the appellee as the appellee failed to proffer competent, credible evidence to properly and sufficiently establish standing and that it was the real party in interest."

{¶19} In a foreclosure action, the lender must establish an interest in the promissory note or in the mortgage in order to have standing to invoke the jurisdiction of the court of common pleas. *Fed. Home Loan Mortg. Corp. v. Schwartzwald*, 134 Ohio

6

St.3d 13, 2012-Ohio-5017, ¶28. "The requirement of an 'interest' can be met by showing an assignment of either the note or mortgage." *Fed Home Loan Mtge. Corp v. Koch*, 11th Dist. Geauga No. 2012-G-3084, 2013-Ohio-4423, ¶24.

{¶20} Appellee's complaint asserts "Plaintiff is a person entitled to enforce the Note." It includes copies of the original note and mortgage. It also includes copies of each of the three assignments which occurred prior to commencement of the action. The final assignment, from JPMorgan to appellee, occurred on April 18, 2019. The instant complaint was filed on May 16, 2019. In light of the averment of its entitlement as well as the documentation, appellee made a prima facie demonstration that it was the real party in interest with standing to commence the underlying action.

{¶21} Appellants, while appearing through the filing of their motion to dismiss (that did not challenge appellee's standing), did not file an answer to the complaint. Civ.R. 8(D) specifically states that "[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." Appellants did not deny the averments in the complaint – which required a responsive pleading, i.e., an answer. In the absence of any denial that appellee had standing or was a party in interest, appellee's right to enforce the note as a holder must be deemed admitted. *Id.*; *see also Girard v. Leatherworks Partnership*, 11th Dist. Trumbull No. 2004-T-0010, 2005-Ohio-4779, ¶38 ("[w]hen a defendant fails to answer, default judgment is appropriate because liability has been admitted or 'confessed' by the omission of statements in a pleading refuting the plaintiff's claims."); *Am. Savs. Bank v. Wrage*, 4th Dist. Scioto No. 13CA3566, 2014-Ohio-2168, ¶19 (observing that the defendant's failure to deny averments regarding a promissory note

7

resulted in admission of the averments, and that "[t]he effect of an admission of an averment is that a plaintiff does not then need to prove the allegation.")

{¶22} Appellee's complaint alleged, and demonstrated through relevant exhibits, that appellee was the holder of the note at the time the lawsuit commenced. It further alleged appellants were in default and thus, appellee was entitled to a decree in foreclosure. Appellants failed to file an answer and, as a result, the allegations were deemed admitted. See Civ.R. 8(D). Without an answer denying appellee's standing, therefore, the complaint was sufficient to establish it had standing and was the real party in interest to prosecute the foreclosure.

{¶23} Appellants' second assignment of error lacks merit.

{¶24} Appellants' third assignment of error provides:

{¶25} "The trial court erred to the prejudice of appellants by granting the appellee's motion for default judgment even though the appellee failed to prove that it satisfied all conditions precedent mandated by the National Housing Act of 1934 (12 U.S.C. [Sec.] 1701, et seq.) and 42 U.S.C. [Sec.] 3534(a)."

{¶26} Under their final assignment of error, appellants claim appellee failed to make a minimum attempt to have a face-to-face meeting prior to initiating foreclosure. They maintain appellee was required to make such an attempt as a condition precedent to filing the instant action, pursuant to federal HUD regulations. Because appellee failed to do so, appellants maintain the trial court erred in denying their motion to dismiss.

{¶27} When a mortgagor generally alleges in its complaint that all conditions precedent have been met, the mortgagee must specifically raise in its answer those conditions precedent that have *not* been satisfied. Civ.R. 9(C); *Wells*

8

*Fargo Bank, N.A. v. Goebel*, 2d Dist. Montgomery No. 25745, 2014-Ohio-472, ¶18. Here, appellee generally alleged it satisfied all conditions precedent in the mortgage instrument; because, however, appellants did not file an answer and specifically and particularly assert any conditions were not met, they failed to shift the burden to appellee to establish such conditions were met. On this basis alone, appellants' argument must fail. Even, however, assuming arguendo, they had properly preserved the argument, it lacks merit.

{¶28} It is generally recognized among Ohio courts that, "'if the terms of the note and mortgage subject it to HUD regulations[, such as the National Housing Act,] regarding default and acceleration, then a homeowner may use a servicer's failure to comply with those regulations to defend a foreclosure action.'" *U.S. Bank Natl. Assn. v. Martz*, 11th Dist. Portage No. 2013-P-0028, 2013-Ohio-4555, ¶13, quoting *BAC Home Loans Servicing, LP v. Taylor,* 9th Dist. Summit No. 26423, 2013-Ohio-355, ¶14. Before reaching the issue of whether appellee failed to comply with such regulations, however, we must first consider whether the regulations are applicable to the underlying mortgage and note.

{¶29} In *Martz, supra*, this court pointed out that not all notes and mortgages are subject to HUD regulations. *Id.* at ¶14. And appellants do not point to any specific provision(s) of the Mortgage or Note that would indicate HUD regulations apply. Instead, they generally assert "[a]ppellee was not entitled to foreclosure upon the alleged Note, Mortgage, and/or Modification as these documents expressly and/or impliedly incorporated federal law and regulations." The only allusion to federal law, however, is in the Mortgage under paragraph 16, entitled "Governing Law; Severability; Rules of Construction." That subsection provides: "This Security Instrument shall be governed by

9

federal law and the law of the jurisdiction in which the Property is located." In *Martz*, *supra*, this court concluded this broad, boilerplate language was insufficient to subject an instrument to HUD regulations. Specifically, this court observed:

> **{¶30}** The recognition of the fact that the mortgage, as with any business transaction occurring within the territorial United States, is subject to federal law does not demonstrate that the mortgage is federally insured or that federal housing regulations have otherwise been incorporated into the agreement. As U.S. Bank points out, nothing in the fifteen page security instrument gives any indication that the mortgage was federally insured. There is simply no factual basis for the proposition that federal housing regulations regarding notice, default, and acceleration apply to the mortgage. The Martzes may not rely on such regulations as a defense to the foreclosure action where the regulations have no application to their mortgage with U.S. Bank. *Fifth Third Mtge. Co. v. Orebaugh,* 12th Dist. Butler No. CA2012-08-153, 2013-Ohio-1730, ¶33; *Chase Home Fin. LLC v. Middleton,* 5th Dist. Fairfield No. 12 CA 10, 2012-Ohio-5547, ¶32. *Martz*, *supra*., at ¶16.

**{¶31}** This court reaffirmed the holding in *Martz* in two subsequent cases. *See Bank of New York Mellon v. Urbanek*, 11th Dist. Lake No. 2019-L-067, 2020-Ohio-985, ¶34-35; *Bank of Am. v. Curtin*, 11th Dist. Portage No. 2013-P-0082, 2014-Ohio-5379.

**{¶32}** Moreover, in *MorEquity v. Gombita*, 8th Dist. Cuyahoga No. 106594, 2018-Ohio-4860, the Eighth Appellate District addressed the same argument advanced by appellants in this matter. In *Gombita*, the appellant argued that the appellee did not establish it satisfied all conditions precedent mandated by the National Housing Act, including other HUD regulations; in particular, the appellant asserted the appellee failed to conduct a face-to-face meeting prior to bringing the foreclosure action. The Eighth District determined that the note and mortgage agreements are "devoid of any language referencing FHA, the Secretary of HUD, or specific HUD regulations." *Gombita*, *supra*, at ¶20. The court recognized that the appellants position was premised upon the

mortgage and note "expressly incorporate[ing] federal law and regulations." *Id.* Relying on this court's holding in *Martz, supra,* the Eighth District concluded that the mere reference to federal law does not subject an instrument to HUD regulations. *Gombita, supra.,* at ¶20-21.

{¶33} Because the Note and Mortgage merely reference the application of federal law, the specific HUD regulations upon which appellants rely to challenge appellee's prosecution of the underlying foreclosure action are inapplicable. The trial court did not err in denying appellants' motion to dismiss and did not err in granting default judgment.

{¶34} Appellants' third assignment of error lacks merit.

{¶35} For the reasons discussed in this opinion, the judgment of the Ashtabula County Court of Common Pleas is affirmed in part, reversed in part, and remanded.


THOMAS R. WRIGHT, J.,

MATT LYNCH, J.,

concur.