[Cite as *Bank of NY Mellon v. Urbanek*, 2020-Ohio-985.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON f.k.a. THE BANK OF NEW YORK, SUCCESSOR INDENTURE TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS INDENTURE TRUSTEE ON BEHALF OF THE NOTEHOLDERS OF THE CWHEQ INC., CWHEQ REVOLVING HOME EQUITY LOAN TRUST, SERIES 2006-D, | : : : : : : | **O P I N I O N**<br><br>**CASE NO. 2019-L-067** |
| Plaintiff-Appellee, | : | |
| - vs - | : | |
| JAMES A. URBANEK, et al., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 2018 CF 001758.

Judgment: Affirmed.

*James W. Sandy,* McGlinchey Stafford, 3401 Tuttle Road, Suite 200, Cleveland, OH 44122 (For Plaintiff-Appellee).

*David N. Patterson,* P.O. Box 1423, Willoughby, OH 44096 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, James A. Urbanek, appeals the June 29, 2019 judgment of the Lake County Court of Common Pleas granting summary judgment in favor of appellee, The Bank of New York Mellon f.k.a. The Bank of New York, Successor Indenture

Trustee to JPMorgan Chase Bank, N.A., as Indenture Trustee on behalf of the Noteholders of the CWHEQ Inc., CWHEQ Revolving Home Equity Loan Trust, Series 2006-D ("BONY"), and issuing a decree in foreclosure. For the reasons set forth herein, the judgment is affirmed.

{¶2} In March 2006, Mr. Urbanek executed a home equity credit line agreement (the "Note") with non-party Aegis Funding d.b.a. Aegis Home Equity ("Aegis") in the amount of $185,000 and an open-ended mortgage (the "Mortgage") (collectively, the "Loan") with Mortgage Electronic Registration Systems ("MERS") as nominee for Aegis, which granted a security interest in certain property located in Painesville, Ohio, Permanent Parcel No. 08A024A000250 (the "Property").

{¶3} The Note contained two endorsements on the last page: one from Aegis to Aegis Mortgage Corporation, and one from Aegis Mortgage Corporation to Countrywide Bank, N.A. An allonge contained two additional endorsements: one from Countrywide Bank, N.A. to Countrywide Home Loans, Inc., and one from Countrywide Home Loans, Inc. in blank. In September 2011, the Mortgage was assigned to BONY by MERS in an Assignment of Mortgage (the "Assignment").

{¶4} BONY asserts, and Mr. Urbanek does not dispute on appeal, that he defaulted on the Loan by failing to make the agreed payments beginning in September 2010. Accordingly, BONY accelerated the Loan and commenced the subject foreclosure in October 2018. In May 2019, BONY filed a motion for summary judgment, attaching in support an affidavit from Ms. Regina Irving-Francis, an Assistant Vice President at Bank of America, N.A. ("BANA"), the servicer of the Loan. To this affidavit, Ms. Francis attested, was attached a "true and accurate" copy of the Note, Mortgage,

2

and the payment history. Mr. Urbanek responded to the motion with objections and his own affidavit. The court ultimately granted summary judgment in BONY's favor. Mr. Urbanek now appeals, assigning two errors for our review.

{¶5} "In order to obtain summary judgment, the movant must show that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party." *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336 (1996). Appellate courts review a trial court's decision to award summary judgment de novo and review the evidence without giving deference to the trial court's decision. *Id.*

{¶6} Furthermore, Civ.R. 56(E) sets forth the requirements for affidavits submitted in support of summary judgment and provides, in pertinent part, that "[s]upporting and opposing affidavits shall be made on personal knowledge. * * * [A]n adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."

{¶7} Mr. Urbanek's first assignment of error states:

{¶8} Reviewing Appellee-Plaintiff's Motion for Summary Judgment de novo, the record is clear and convincing that the trial court erred to the prejudice of the Appellant by granting the Appellee-Plaintiff's Motion for Summary Judgment in favor of the Appellee.

{¶9} Under this assignment of error, Mr. Urbanek raises two sub-issues.

{¶10} [1.] The Affidavit submitted by Appellee-Plaintiff was insufficient to warrant summary judgment and should not have been considered by the trial court for analyzing the motion for summary judgment before it.

3

{¶11} [2.] The evidence and Affidavits submitted by the Appellee-Plaintiff was insufficient to warrant summary judgment on the complaint as Appellee failed to sufficiently and properly establish that it is the true real party in interest and has proper standing.

{¶12} Under this assigned error, Mr. Urbanek argues that Ms. Francis failed to indicate if she personally observed the original, blue-ink Note and that she failed to sufficiently establish that BONY was and remains the holder of the Note, or otherwise was a real party in interest with standing in the instant matter. We do not find these arguments meritorious.

{¶13} First, we address Mr. Urbanek's challenges to the validity and sufficiency of BONY's affidavit. While this court has not had the opportunity to consider whether an affiant must state in the affidavit that he or she observed the *original* Note before attesting to information contained therein, various other Ohio appellate courts have.

{¶14} In *Wachovia Bank of Delaware, N.A. v. Jackson*, 5th Dist. Stark No. 2010-CA-00291, 2011-Ohio-3203, the Fifth District Court of Appeal found that "in order to properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials [and] * * * the affiant must state he or she was able to compare the copy with the original and verify the copy is accurate, or explain why this cannot be done." *Id.* at ¶40, 49.

{¶15} The Sixth District Court of Appeals has held similarly. *See HSBC Mtge. Servs., Inc. v. Edmon*, 6th Dist. Erie No. E-11-046, 2012-Ohio-4990. In *Edmon*, the Sixth District reversed the lower court, which found "it immaterial regarding [the affiant] not seeing the original Note when she made the affidavit * * *. She knew the original was in Plaintiff's custody. She has a file copy in the file she reviewed and the original Note was in the * * * office where they are retained." *Id.* at ¶4. The Sixth District

4

determined that the Civ.R. 56(E) requirement of personal knowledge "is satisfied by a statement in the affidavit declaring that the copies of the documents submitted are true and accurate reproductions of the originals." *Edmon, supra,* ¶11, citing *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459 (1981).

{¶16} We do not, however, find *Seminatore* to support this proposition. In that case the Ohio Supreme Court held that, "[t]he specific allegation in the affidavit that it was made upon personal knowledge is sufficient to meet this requirement of Civ.R. 56(E) and, if the adverse party contends otherwise, an opposing affidavit setting forth the appropriate facts must be submitted. * * * The requirement of Civ.R. 56(E) that sworn or certified copies of all papers referred to in the affidavit be attached is satisfied by attaching the papers to the affidavit, coupled with a statement therein that such copies are true copies and reproductions." *Id.* at 467. Absent from this holding is any requirement that the affiant must make express statement attesting to a review of the original documents in order to establish personal knowledge.

{¶17} Moreover, other Ohio appellate courts have also rejected this as a requirement. In *Wells Fargo Bank v. Hammond*, 8th Dist. Cuyahoga No. 100141, 2014-Ohio-5270, the Eighth District held that it "has not adopted this as a requirement under Civ.R. 56(E), nor do we intend to do so because the Ohio Supreme Court has not made this a requirement of Civ.R. 56(E)." *Id.* at ¶37, citing *HSBC Mtge. Servs. v. Williams*, 12th Dist. Butler No. CA2013-09-174, 2014-Ohio-3778. *See also Wells Fargo Bank, N.A. v. Lundeen,* 8th Dist. Cuyahoga No. 107184, 2020-Ohio-28, ¶25 (finding it sufficient that the affiant "averred that she was a bank officer, had reviewed the bank's business records, and had personal knowledge of their contents, * * * that the

5

documents attached to her affidavit were copies of the note, mortgage, notice of default, and merger documents."); *Hancock Fed. Credit Union v. Coppus*, 3rd Dist. Seneca No. 13-15-19, 2015-Ohio-5312, ¶22 ("while [Civ.R. 56(E)] requires that documents referenced in the affidavits be sworn or certified copies, the affiant does not need to expressly 'state he or she was able to compare the copy with the original and verify the copy is accurate, or explain why this cannot be done' * * *. Rather, '[t]he requirement of Civ.R. 56(E) that sworn or certified copies of all papers referred to in the affidavit be attached is satisfied by attaching the papers to the affidavit, coupled with a statement therein that such copies are true copies and reproductions.'")

{¶18} We adopt the Third and Eighth District's reasoning and do not find Ms. Francis' affidavit was deficient for failing to expressly state she viewed the original Loan documents. It is reasonable to assume from her affidavit that she based her affidavit upon personal knowledge and that BONY was in possession of the original documents.

{¶19} Ms. Francis stated that "BANA typically maintains a hard-copy file of certain loan documents, an electronic file of imaged loan documents and correspondence, and electronic records * * *." Mr. Urbanek points to this as evidence that she did not review the original "blue-ink" documents. However, we do not find this to definitively support Mr. Urbanek's assertions. It is not unreasonable for the loan servicer to keep copies of the documents, while the owner or holder maintains the originals. Indeed, Ms. Francis averred she had "access to and [has] reviewed the records of the loan taken out by [Mr. Urbanek]." She also averred that she has "personal knowledge of the facts contained in this affidavit by virtue of [her] position at BANA, [her] familiarity with certain BANA practices and procedures, and based upon

6

[her] review and analysis of the relevant business records and other BANA documents references and attached" and that "[BONY] has possession of the promissory note and held the note at the time of filing the foreclosure complaint." It is logical to assume from these statements that BONY was in possession of the *original* documents and that Ms. Francis had access to and reviewed the *originals*, even though BANA, as servicer, only kept copies.

{¶20} This holding aligns with similar findings of this court. In *Bank of Am. v. Merlo,* 11th Dist. Trumbull No. 2012-T-0103, 2013-Ohio-5266*,* this Court found that to show the bank had standing at the time the complaint was filed, the affiant need not expressly state the bank was in possession of the "original" note, but a statement that the bank "had possession of the note" was sufficient. This court reasoned that "[s]ince [the affiant] did not qualify her testimony by saying the bank has possession of a copy of the note, she was referring to the actual note itself, i.e., the original, rather than a copy." *Id.* at ¶18.

{¶21} As Mr. Urbanek did not reference any competent evidence to contradict Mr. Francis averments, he failed to show there remained an issue of material fact on this matter.

{¶22} Moreover, insofar as Mr. Urbanek argues BONY failed to establish it was a holder with standing to enforce the Note, we also find this argument without merit. Mr. Urbanek questions whether BONY had standing to commence this action, alleging "bogus assignments," "unenforceable blank endorsements," and a "post-filing assignment." The record does not support his assertions.

{¶23} Whether a plaintiff has standing to initiate a foreclosure action turns on whether they are a person entitled to enforce the instrument at

7

issue. * * * R.C. 1303.31(A) identifies three classes of persons who are 'entitled to enforce' an instrument, such as a note: (1) the holder of the instrument, (2) a nonholder in possession of the instrument who has the rights of a holder, and (3) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to R.C. 1303.38 or R.C. 1303.58(D). *PNC Bank v. Kereszturi,* 11th Dist. Trumbull No. 2014-T-0062, 2015-Ohio-957, ¶19 (citation omitted).

{¶24} Civ.R. 17(A) states, in pertinent part, that "[e]very action shall be prosecuted in the name of the real party in interest." "In foreclosure actions, the real party in interest is the current holder of the note and the mortgage." *Wells Fargo Bank, N.A. v. Sessley,* Franklin App. No. 09AP-178, 2010-Ohio-2902, ¶11. "Although the plaintiff in a foreclosure action must have standing at the time suit is commenced, proof of standing may be submitted subsequent to the filing of the complaint." *Wells Fargo Bank, N.A. v. Horn*, 142 Ohio St.3d 416, 2015-Ohio-1484, ¶17. "Whether standing exists is a matter of law that we review de novo." *Bank of New York Mellon v. Grund*, 11th Dist. Lake No. 2014-L-025, 2015-Ohio-466, ¶25.

{¶25} A "holder" in this context is "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." R.C. 1301.201(B)(21)(a). "When an instrument is endorsed in blank, the instrument becomes payable to bearer and may be negotiated by transfer of possession alone * * *." R.C. 1303.25(B).

{¶26} Here, the final endorsement on the Note is in blank. Mr. Francis averred that BONY "has possession of the promissory note and held the note at the time of filing the foreclosure complaint." As discussed above, Mr. Urbanek has not sufficiently refuted that attestation. Thus, we find BONY sufficiently established it was a holder of the Note.

8

{¶27} Finally, Mr. Urbanek argues that "the note was severed from the mortgage at origination, which had the effect of rendering the mortgage unenforceable as such was subsequently assigned and endorsed." He argues it is clear that the original lender, Aegis, agreed the Note would be held by Aegis and the Mortgage would remain with the MERS. Thus, he argues, when the Note was transferred, the Mortgage did not follow. We find, however, no evidence in the record to suggest the note and the mortgage were severed.

{¶28} The Ohio Supreme Court has held that "a mortgage is not property separate and distinct from the note which it secures, but * * * the mortgage security is an incident of the debt which it is given to secure, and, in the absence of a specific agreement to the contrary, passes to the assignee or transferee of such debt." *Edgar v. Haines,* 109 Ohio St. 159, 164 (1923). *See also Bank of America v. Jones*, 11th Dist. Geauga No. 2014-G-3197, 2014-Ohio-4985; *Bank of Am., N.A., v. Pasqualone,* 10th Dist. Franklin No. 13AP-87, 2013-Ohio-5795 ("where a note refers to the mortgage and the mortgage refers to the note, the clear intent of the parties is to keep the note and mortgage together."); *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ("[t]he attachment of a security interest in a right to payment or performance secured by a security interest or other lien on personal or real property is also attachment of a security interest in the security interest, mortgage, or other lien."); *U.S. Bank Natl. Assn. v. Marcino,* 181 Ohio App.3d 328, 2009-Ohio-1178, (7th Dist.) ("the negotiation of a note operates as an equitable assignment of the mortgage, even though the mortgage is not assigned or delivered."); and Section 5.4 of the Restatement III, Property (Mortgages) ("on rare occasions a mortgagee will disassociate the

obligation from the mortgage, but courts should reach this result only upon evidence that the parties to the transfer agreed. Far more commonly, the intent is to keep the rights combined, and ideally the parties would do so explicitly.")

{¶29} Here, Section 18A of the Note states, "[Aegis] may transfer and assign [its] rights and obligations under this Agreement and the Mortgage at any time without [Mr. Urbanek's] consent." The Note references the Mortgage and the Mortgage references the Note, and nothing in the record suggests that any party or parties intended to sever the two at any time. Furthermore, as discussed above, BONY has established that it was the holder of the Note with standing to bring this action in foreclosure, and has submitted the Assignment of Mortgage, showing it was transferred to BONY in 2011.

{¶30} Accordingly, Mr. Urbanek's first assignment of error is without merit.

{¶31} Mr. Urbanek's second assignment of error states:

{¶32} The trial court erred to the prejudice of Appellant by granting the Appellee's Motion for Summary Judgment even though the Appellee failed to prove that it satisfied all conditions precedent mandated by the National Housing Act of 1934 (12 U.S.C. § 1701 et seq.) and 42 U.S.C. §3534(a) and rescission and other rights set forth in 15 U.S.C. 1635 and The Truth and Lending Act (15 U.S.C. §1601, *et seq*).

{¶33} Under this assigned error, Mr. Urbanek argues that BONY failed to show it complied with conditions precedent required by the United States Department of Housing and Urban Development ("HUD"), particularly those of 24 C.F.R. § 203.602 and § 203.604, requiring giving written notice of default and conducting a face-to-face meeting with the mortgagor before a third month's default. BONY argues Mr. Urbanek's Loan was not HUD/FHA insured and thus those regulations do not apply.

{¶34} This and other Ohio appellate courts have held that compliance with HUD regulations is only required in cases in which the loan is HUD/FHA insured. *U.S. Bank*

*Nat'l Ass'n v. Martz,* 11th Dist. Portage No. 2013-P-0028, 2013-Ohio-4555. Here, there is no indication that the Loan was HUD/FHA insured. Both the Note and the Mortgage state that these documents are "governed by federal law to the extent applicable and that, with respect to state law, the loan * * * is made entirely within the provisions of the Ohio Mortgage Loans Act, section 1321.51 to 1321.60 of the Ohio Revised Code."

{¶35} In *Martz,* this court found that substantially similar language in a mortgage failed to establish that the loan was HUD/FUA insured, finding "[t]he recognition of the fact that the mortgage, as with any business transaction occurring within the territorial United States, is subject to federal law does not demonstrate that the mortgage is federally insured or that federal housing regulations have otherwise been incorporated into the agreement." *Id.* at ¶16. As nothing in the Loan documents here indicate this Loan was HUD/FUA insured, BONY was not required to comply with HUD requirements.

{¶36} Accordingly, Mr. Urbanek's second assignment of error is without merit.

{¶37} In light of the foregoing, the judgment of the Lake County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, J.,

MARY JANE TRAPP, J.,

concur.

11