DECISION AND JUDGMENT ENTRY
{¶ 1} James D.M. Proffit, Betty Proffitt, and James D.M. Proffitt, Jr., appeal the Meigs County Common Pleas Court's denial of their Civ.R. 60(B) motion for relief from judgment. Appellants argue that the trial court abused its discretion by failing to conclude that their mistaken belief as to the amount of money that they would receive under a settlement agreement entitled them to relief from judgment. Because the record shows that appellants' belief was reasonable and does not show that appellants exhibited a complete disregard for the judicial system, the trial court abused its discretion by denying appellants' motion. Therefore, we reverse the trial court's judgment.
 {¶ 2} In February of 2001, appellee filed a petition to appropriate property and to fix compensation. On the date scheduled for trial, the parties settled the case. The trial court read the settlement agreement into the record. Appellee's counsel stated that "[w]e have agreed to settle this matter for $58,500." The court then asked appellants' counsel if "that [was] the agreement." He stated "[t]hat is okay."
 {¶ 3} On April 12, 2002, appellants filed a "motion to enforce settlement agreement." Appellants claimed that they agreed to settle the case for $58,500 plus the amount that appellee already had paid them as the initial deposit, $34,022.
 {¶ 4} On April 18, 2002, the trial court filed a "judgment entry on settlement." In that entry, the court recited that the parties agreed to settle the case for $58,500 "as full and complete compensation" and ordered appellee to deposit "a sum, which when added to the original deposit herein equals" $58,500.
 {¶ 5} Appellants subsequently filed a motion for relief from judgment. Appellants argued that they were entitled to relief from judgment because the parties did not have a meeting of the minds and because a mistake of fact occurred. Appellants' counsel filed an affidavit in which he stated that during the settlement negotiations, he had understood that the $58,500 was to be in addition to the $34,022 deposit.
 {¶ 6} At the hearing regarding appellants' Civ.R. 60(B) motion, appellants' counsel stated that he thought that the settlement amount was $58,500, plus the deposit. He did not realize that the total settlement was $58,500. On April 24, 2003, the trial court denied appellants' motion.
 {¶ 7} Appellants timely appealed the trial court's judgment and raise the following assignment of error: "The trial court abused its discretion by failing to grant the appellants' civil rule 60(B) motion."
 {¶ 8} In their sole assignment of error, appellants assert that the trial court abused its discretion by denying their Civ.R. 60(B) motion for relief for judgment. They claim that they were mistaken as to the terms of the settlement agreement. Appellants argue that they agreed to settle the case for $58,500 in addition to the deposit that they had already received, not for $58,500 in total compensation. Appellants contend that because they were mistaken as to the terms of the settlement agreement, they are entitled to have the judgment approving the settlement set aside.
 {¶ 9} We will not reverse a trial court's decision regarding a Civ.R. 60(B) motion absent an abuse of discretion. See Stateex rel. Richard v. Seidner (1996), 76 Ohio St.3d 149, 151,666 N.E.2d 1134; Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20, 520 N.E.2d 564. An abuse of discretion implies that a court acted unreasonably. State ex rel. Edwards v. Toledo CitySchool Dist. Bd. of Edn. (1995), 72 Ohio St.3d 106, 107,647 N.E.2d 799; Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219, 450 N.E.2d 1140. But, an appellate court will not find an abuse of discretion simply because it could reach a different conclusion if it were deciding the case de novo. Dunkle v.Dunkle (1999), 135 Ohio App.3d 669, 675, 735 N.E.2d 469.
 {¶ 10} Civ.R. 60(B) states in part: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect[.]"
 {¶ 11} In order to prevail on a motion for relief from judgment, the moving party must demonstrate: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
GTE Automatic Elec. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus; see, also, Cuyahoga Support Enforcement Agency v. Guthrie (1999),84 Ohio St.3d 437, 440, 705 N.E.2d 318. If the moving party fails to meet any one of the requirements, the court should deny the motion. Strack v. Pelton (1994), 70 Ohio St.3d 172, 174,637 N.E.2d 914. However, fundamental public policy demands that courts should strive to decide cases upon the merits, rather than procedural grounds. Griffey v. Rajan (1987), 33 Ohio St.3d 75,79, 514 N.E.2d 1122.
 {¶ 12} In this case, appellants claim that they are entitled to relief under Civ.R. 60(B)(1). They basically argue that the court should have found that their failure to ensure that the settlement agreement included language that the amount of money to be paid was in addition to the initial deposit constituted excusable neglect, mistake, or surprise.
 {¶ 13} "The term "excusable neglect" is an elusive concept which has been difficult to define and to apply." Kay v. MarcGlassman, Inc. (1996), 76 Ohio St.3d 18, 20, 665 N.E.2d 1102. The Ohio Supreme Court has defined "`excusable neglect' in the negative and [has] stated that the inaction of a defendant is not `excusable neglect' if it can be labeled as a `complete disregard for the judicial system.'" Id. (quoting GTE Automatic Elec.,Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, 153,351 N.E.2d 113; Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 21, 520 N.E.2d 564, 567, at fn. 4). Additionally, neglect is not excusable if the conduct falls substantially below what is reasonable under the circumstances. GTE, 47 Ohio St.2d at 152; see, also, Moore v. Emmanuel Family Training Center, Inc.
(1985), 18 Ohio St.3d 64, 68, 479 N.E.2d 879.
 {¶ 14} Moreover, as the court explained in Moore: "* * * [T]he concept of `excusable neglect' must be construed in keeping with the proposition that Civ.R. 60(B)(1), is a remedial rule to be liberally construed, while bearing in mind that Civ.R. 60(B) constitutes an attempt to `strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done." Id. at 68 (Citations omitted).
 {¶ 15} In this case, the record discloses that appellants believed that the amount of the settlement agreement as stated on the record was in addition to the amount already received for the initial deposit. Before the trial court journalized the settlement entry, appellants filed a motion in which they asserted that they agreed to settle the case for $58,500, plus the initial deposit. Also, appellants quickly moved for relief from judgment once the court journalized the settlement agreement. We believe that this unique set of circumstances entitles appellants to relief from judgment. Prior to the court's final entry, nothing in the record clearly indicates that the total settlement amount, which would include the initial deposit, would be $58,500. Additionally, appellants' belief that the $58,500 would be in addition to the initial deposit was reasonable. They had agreed to settle the case for $58,500 and had already received an initial deposit. Without an explicit indication otherwise, appellants were entitled to believe that appellee's settlement offer was in addition to the initial deposit. Appellants' conduct does not show a complete disregard for the legal system. Rather, it shows an honest misinterpretation as to what the precise terms of the settlement would be.
 {¶ 16} Given the judicial system's strong preference for deciding cases on their merits, appellants have shown that they are entitled to relief under Civ.R. 60(B). Therefore, we reverse the trial court's judgment.
Judgment reversed and cause remanded.
Kline, P.J. Evans, J., concur in Judgment and Opinion.