[Cite as *1031 Properties, L.L.C. v. Bearden*, 2021-Ohio-1232.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| 1031 PROPERTIES, LLC, | : | CASE NO. CA2020-03-046 |
| Appellant, | : | O P I N I O N<br>4/12/2021 |
| | : | |
| - vs - | : | |
| | : | |
| CHARLES A. BEARDEN, et al., | : | |
| Appellees. | : | |

CIVIL APPEAL FROM BUTLER COUNTY AREA I COURT
Case No. CVG1900054

Thomas G. Eagle Co., L.P.A., Thomas G. Eagle, 3400 N. State Route 741, Lebanon, Ohio 45036, for appellant

Wayne Staton Co., L.P.A., Timothy J. Meloy, 110 N. Beech Street, Oxford, Ohio 45056, for appellees

**M. POWELL, J.**

{¶ 1}   Appellant, 1031 Properties, LLC ("1031 Properties"), appeals the decision of the Butler County Area I Court vacating a default judgment entered against appellees, Charles and Sarah Bearden ("the Beardens").

{¶ 2}   In 2017, the Beardens leased a residence in Middletown, Ohio from 1031 Properties for $745 per month.  On January 28, 2019, 1031 Properties filed an eviction

complaint against the Beardens, seeking a writ of restitution of the premises in its first claim and past due rent and damages in its second claim. 1031 Properties alleged in its complaint that, beginning in December 2018, the Beardens defaulted on their lease, and had failed to pay their monthly rent in a timely manner.

{¶ 3} With regard to its claim for damages, 1031 Properties sought damages in the amount of $1,487.26, plus $24.49 for each day the residence remained occupied after January 31, 2019, until and including the end of the term of the lease, or when the property was again rented for an equal or greater amount, whichever came first. The complaint also sought compensation for damages to the premises, plus interest, the cost of this action and reasonable attorney's fees if allowed.

{¶ 4} On January 28, 2019, the Beardens were served with a "Summons in Forcible Entry and Detention with Claim for Rent." The summons indicated the Beardens were required to appear for a hearing regarding the first claim of the complaint. With regard to the second claim for damages, the summons stated the following:

> As to [1031 Properties'] claim for unpaid rent and other claims, you are required to serve upon the plaintiff's attorney * * * a copy of an answer to the complaint within twenty-eight (28) days after service of this summons on you, exclusive of the day of service. * * * If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the complaint.

The summons and a copy of the complaint were secured to the front door of the Beardens' residence.

{¶ 5} On February 13, 2019, the trial court held a hearing regarding the first claim of the complaint. 1031 Properties was represented by counsel. The Beardens appeared pro se. At the hearing, the Beardens indicated they did not dispute the allegations and that they had made an arrangement with 1031 Properties. Counsel for 1031 Properties stated the parties were working together on an installment basis to avoid execution of the writ of

- 2 -

restitution. At that point, the trial court informed the Beardens they were to leave the premises within seven days unless the parties agreed otherwise. At the conclusion of the hearing, counsel for 1031 Properties indicated he was not going to ask for "second cause on either of these right now either."

{¶ 6} The following day, the trial court issued an entry indicating that both the Beardens and 1031 Properties had appeared at the hearing and the Beardens had failed to timely pay rent that was due. The trial court further ordered the Beardens to vacate the premises by noon on February 20, 2019.

{¶ 7} On March 7, 2019, 1031 Properties asked the trial court to prepare and issue a writ of restitution in accordance with the trial court's February 14, 2019 judgment entry. That day, the trial court issued an entry and order for writ of restitution against the Beardens. On March 12, 2019, the writ was served upon the Beardens; however, the Beardens had moved out of the residence by that time.

{¶ 8} On April 16, 2019, 1031 Properties moved the trial court for a default judgment on its claim for damages as alleged in the second cause of the complaint. According to 1031 Properties' motion, despite being served with the complaint on January 28, 2019, the Beardens had failed to file an answer within the time allowed by law. 1031 Properties attached to its motion an affidavit for damages and a ledger of charges, which detailed the reasonable value of unpaid rent from the date of default to the date of re-rental. The affidavit indicates the Beardens paid $1,300 in February and $695 in March towards their overdue balance. According to the affidavit, the remaining amount owed for unpaid rent and damages totaled $13,747.05. The Beardens did not respond to 1031 Properties' motion.

{¶ 9} On September 6, 2019, the trial court granted 1031 Properties' motion for default judgment, and entered judgment against the Beardens in the amount of $13,747.05 plus interest at the statutory rate. The Beardens did not appeal the trial court's decision.

{¶ 10} On October 10, 2019, the Beardens, now represented by counsel, moved the trial court to set aside the default judgment. In its motion, the Beardens argued default judgment was improper in this instance because they appeared at the first cause hearing and a hearing regarding 1031 Properties' claim for damages was never held. Thus, the Beardens claimed they were denied the opportunity to present evidence refuting 1031 Properties' claim for damages and asked the trial court to set aside the default judgment and hold a hearing regarding the claim for damages. 1031 Properties filed a memorandum in opposition to the Beardens' motion.

{¶ 11} On November 18, 2019, the magistrate issued a decision overruling the Beardens' motion. The magistrate found that, because the Beardens failed to file an answer to the complaint within 28 days of service, the default judgment was proper. The magistrate further found that, to the extent the Beardens' motion could be construed as a Civ.R. 60(B) motion, they failed to allege any of the three necessary prongs required by *GTE Automatic Electric Co., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146. The Beardens did not object to the magistrate's decision. However, neither did the trial court adopt the magistrate's decision as its judgment.

{¶ 12} On January 16, 2020, the trial court held a hearing regarding the Beardens' motion to set aside the default judgment. Thereafter, on February 19, 2020, the trial court issued an entry granting Bearden's motion to set aside the default judgment and set the matter for a full hearing on damages.

{¶ 13} 1031 Properties now appeals, raising the following assignment of error for our review:

{¶ 14} THE TRIAL COURT ERRED IN SETTING ASIDE THE DEFAULT JUDGMENT.

{¶ 15} On appeal, 1031 Properties argues the trial court erred in granting the

Beardens' motion to set aside the default judgment for two reasons. First, 1031 Properties claims the trial court erred in vacating the default judgment where the Beardens failed to answer the complaint and failed to establish any ground of relief pursuant to Civ.R. 60(B). Second, 1031 Properties argues the trial court erred in vacating the default judgment because the Beardens failed to establish any meritorious defense.

{¶ 16} In the instant case, the trial court did not set forth its basis for granting the Beardens' motion to set aside the default judgment. The Beardens' motion does not reference Civ.R. 60(B) as a basis to set aside the default judgment, nor does it discuss the necessary elements for relief pursuant to Civ.R. 60(B). The Beardens also did not argue Civ.R. 60(B) as a basis for relief during the January 16, 2020 hearing on its motion. Notwithstanding the above, we will construe the Beardens' motion to set aside the default judgment as a motion made pursuant to Civ.R. 60(B), which is the proper device to seek relief from a default judgment. Civ.R. 55(B); see also *State v. Watkins*, 7th Dist. Mahoning No. 19 MA 0024, 2020-Ohio-1366, ¶ 35 (construing the state's motion as a motion pursuant to Civ.R. 60[B] despite the state's failure to specifically cite Civ.R. 60[B] or directly address the Civ.R. 60[B] factors).

{¶ 17} Civ.R. 55(A) provides in pertinent part:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * * If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application.

{¶ 18} "Civ. R. 55(B) allows the trial court to set aside a default judgment in accordance with Civ.R. 60(B)." *GTE*, 47 Ohio St.2d at 150. Civ.R. 60(B) states, in part:

> On motion and upon such terms as are just, the court may

- 5 -

relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

{¶ 19} "Civ.R. 60(B) is a remedial rule and should be liberally construed." *Blasco v. Mislik*, 69 Ohio St.2d 684, 685 (1982), citing *Colley v. Bazell*, 64 Ohio St.2d 243, 248 (1980). "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time[.]" *GTE*, at paragraph two of the syllabus. "The foregoing requirements are 'independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met.'" *Myers v. Lawson*, 12th Dist. Warren No. CA2012-07-068, 2013-Ohio-2500, ¶ 12, quoting *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994).

{¶ 20} Granting relief from judgment under Civ.R. 60(B) is within a trial court's sound discretion, and its ruling will not be disturbed on appeal absent a showing of abuse of discretion. *Robinson v. Miller Hamilton Venture, LLC*, 12th Dist. Butler No CA2010-09-226, 2011-Ohio-3017, ¶ 15, citing *Veidt v. Cook*, 12th Dist. Butler No. CA2003-08-209, 2004-Ohio-3170, ¶ 14. An abuse of discretion implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable, and is more than a mistake of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 21} On appeal, the Beardens claim the trial court did not abuse its discretion in setting aside the default judgment because they established they were entitled to relief pursuant to Civ.R. 60(B)(1), as a settlement agreement can constitute excusable neglect supporting relief from a judgment. The Beardens further claim they were neither afforded a hearing on the application for default judgment nor notice of such a hearing. Thus, because the trial court failed to provide such notice and a hearing, the Beardens argue the default judgment is void and the trial court did not err in vacating it. After a review of the record, we reject the Beardens' claims.

{¶ 22} As noted above, the Beardens claim their failure to timely respond to the complaint constitutes excusable neglect. The determination of whether neglect was excusable must take into consideration all the surrounding facts and circumstances. *State ex rel. Doe v. Register*, 12th Dist. Clermont No. CA2008-08-081, 2009-Ohio-2448, ¶ 13. Neglect is inexcusable if a party's conduct falls substantially below what is reasonable under the circumstances, or if the neglect can be regarded as a "complete disregard for the judicial system." *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20 (1996). Courts must also remain mindful of the admonition that cases should be decided upon their merits, where possible, rather than on procedural grounds. *Register* at ¶ 13.

{¶ 23} After a review of the record, we find the Beardens failed to establish that their failure to file an answer to the complaint was excusable under the circumstances of the case at bar. First, we are unpersuaded by the Beardens' reliance on *Proctor v. Proffitt*, 4th Dist. Meigs Nos. 02CA5 and 03CA6, 2004-Ohio-789, in support of their argument. In that case, the Fourth District determined the appellant was entitled to relief from a judgment entry enforcing the parties' settlement agreement where there was a dispute regarding the total settlement amount and the appellant's belief that the settlement amount was reasonable. *Proctor* at ¶ 15. Under those circumstances, the court determined the

appellant's conduct did not show a complete disregard for the legal system, but was an honest misapprehension as to the terms of the settlement. Under those circumstances, the court found the appellant's failure to file an answer was excusable neglect. *Id.*

{¶ 24} The facts of *Proctor* are distinguishable from the case at hand. Here, the Beardens were served with the complaint on January 28, 2019, and attended the initial hearing on February 13, 2019. At the hearing, 1031 Properties indicated the parties were working with each other on "kind of an installment basis," and that it did not expect to execute upon the writ. The trial court then ordered the Beardens to either make payment arrangements with 1031 Properties within seven days, or to vacate the premises. At that point, 1031 Properties stated, "we're not going to ask for a second cause on either of these right now either." After the hearing, the Beardens paid $1,300 in February 2019 and $695 on March 1, 2019. According to the record, the Beardens did not make any payments after March 1, 2019, and at that time, their remaining balance for overdue rent and fees totaled $1,135.

{¶ 25} On March 7, 2019, 1031 Properties executed the writ of restitution; however, by the time of service the Beardens had vacated the premises. 1031 Properties did not move for default judgment until August 16, 2019, approximately five months after the Beardens' last payment towards the overdue rent, and nearly eight months after the Beardens were served with the complaint. The motion contained a certificate of service and the Beardens do not allege they were not served with the motion for default judgment. Notably, the Beardens did not respond to 1031 Properties' motion to dispute the damages sought, nor did they provide any explanation for their failure to respond to the complaint despite the language on the summons informing them of their duty to do so. The trial court did not rule on 1031 Properties' motion for default until September 6, 2019, 21 days after the motion was filed.

{¶ 26} Under these facts, we find the trial court abused its discretion in vacating the default judgment, as the Beardens' actions were not reasonable under the circumstances, and their neglect in failing to respond to the complaint was not excusable. First, in contrast to the appellant in *Proctor*, the Beardens did not introduce any evidence of the terms of their installment agreement with 1031 Properties, nor do they argue they misunderstood their payment arrangement with their landlord. At the hearing on the Beardens' motion to vacate the default judgment, the Beardens' counsel merely indicated the Beardens' were under the impression that "if [they] pa[id] what's owed, [they] c[ould] stay." Despite this alleged arrangement between the parties, the record reflects the Beardens did not pay what they owed after their February and March payments, and ceased making payments towards their balance altogether in March 2019. After that point, the Beardens did not acknowledge the action pending against them until damages were awarded to 1031 Properties in September 2019. Thus, the record does not reflect the Beardens complied with any installment agreement reached between the parties. Therefore, they cannot credibly claim they believed the agreement negated their duty to respond to the complaint. Rather, under these facts, the Beardens should have known 1031 Properties would pursue the claims set forth in the complaint if they failed to "pay what's owed" in accordance with their payment agreement.

{¶ 27} Furthermore, despite the Beardens' personal beliefs that they were not required to act due to their February and March payments, other courts have rejected similar arguments on appeal, and have held the failure to file an answer to the complaint does not constitute excusable neglect simply because the parties may have entered into a settlement agreement. See *Univ. of Akron v. Mangan*, 9th Dist. Summit No. C.A. 24167, 2008-Ohio-4844, ¶ 12-13 (rejecting appellants' argument that their failure to respond to the complaint constituted excusable neglect where they had entered into a settlement agreement and

they, "as laypersons," did not contemplate that an answer was still required). As this court has previously noted, ignorance of the law is not a valid justification for failure to defend an action, and non-attention to a legal matter because of the failure to understand its scope is also no excuse. *Zuk v. Campbell*, 12th Dist. Clermont No. CA94-03-018, 1994 Ohio App. LEXIS 6085, * 5 (Dec. 30, 1994); see also *Whittle v. Davis*, 12th Dist. Butler No. CA2013-08-153, 2014-Ohio-445, ¶ 26 (rejecting appellants' argument that their failure to file an answer after service of the summons and complaint constituted excusable neglect due to their belief the matter would proceed to trial without them "filing papers"). Rather, it remained necessary pursuant to the Civil Rules for the Beardens to file an answer to the complaint within 28 days of service in response to the claim for damages. *Mangan* at ¶ 12-13; see also Civ.R. 12(A)(1).

{¶ 28} Lastly, we reject the Beardens' argument that their failure to file an answer to the complaint was excusable because they believed 1031 Properties would not pursue its claim for damages and a second cause hearing regarding the damages claim was never held. As an initial note, there is no evidence in the record that 1031 Properties abandoned or withdrew its claim for damages. Rather, the transcript from the February 2019 hearing indicates 1031 Properties was not seeking a hearing on its damages claim *at that time.* (emphasis added.) This was because, at that time, 1031 Properties did not plan to pursue its damages claim in light of the Beardens' intention to make installment payments toward their overdue balance and to continue leasing the premises. However, we find it was unreasonable for the Beardens to assume 1031 Properties would not seek the damages set forth in the complaint if they ceased making payments in accordance with the agreement and vacated the premises with an outstanding balance.

{¶ 29} In light of the above, and when construing the Beardens' motion as a request for relief pursuant to Civ.R. 60(B)(1), we agree with 1031 Properties that the Beardens failed

to demonstrate they were entitled to relief. This is because, as detailed above, the Beardens' failure to respond to the complaint did not constitute excusable neglect under these circumstances. Rather, the record reflects the Beardens simply ceased making payments in accordance with their agreement with 1031 Properties and assumed 1031 Properties would not pursue its claim for damages against them. Such acts do not excuse their failure to respond to the complaint, and their inaction in this case falls substantially below what we find is reasonable under the circumstances and demonstrates a complete disregard for the justice system. As a result, we find the Beardens were not entitled to relief based upon Civ.R. 60(B)(1).

{¶ 30} Turning to the Beardens' remaining argument regarding the trial court's failure to comply with the notice and hearing requirements of Civ.R. 55, we find that argument is one that could, and should, have been raised on direct appeal.

{¶ 31} "Civ.R. 55(A) clearly requires that before it enters a default judgment against a defendant who has appeared, a trial court must hold a hearing and provide the defendant with seven days' notice of the hearing on the motion for default judgment." *Producers Credit Corp. v. Voge*, 12th Dist. Preble No. CA2002-06-009, 2003 Ohio 1067, ¶ 17; *see also Nieman v. Bunnell Hill Development Co., Inc.*, 12th Dist. Butler No. CA2002-10-249, 2004-Ohio-89. However, it is well established that Civ.R. 60(B) cannot be used as a substitute for a direct and timely appeal. *Bank of N.Y. v. Blanton*, 12th Dist. Clermont No. CA2011-03-019, 2012-Ohio-1597, ¶ 18, citing *Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128 (1986), paragraph two of the syllabus.

{¶ 32} Here, the record reflects the trial court did not provide the Beardens with notice of a hearing regarding 1031 Properties' motion for default judgment and did not hold such a hearing before entering a default judgment in 1031 Properties' favor. Notwithstanding the trial court's decision to enter judgment against them without providing

the requisite notice and holding a hearing, the Beardens elected not to directly appeal the trial court's decision. Rather, the Beardens filed a motion to set aside the default judgment over one month after the trial court rendered its decision. The Beardens' claim that the trial court's actions were procedurally erroneous, and that they were entitled to notice and a hearing prior to the trial court awarding judgment in 1031 Properties' favor, are issues which are properly raised on direct appeal. See *AMCA Internatl. Corp. v. Carlton*, 10 Ohio St.3d 88 (1984) (reversing on direct appeal a grant of default judgment where the trial court failed to hold a hearing as required by Civ.R. 55[A]); *Fifth Third Mortg. Co. v. Fantine*, 5th Dist. Fairfield No. 11 CA 20, 2011-Ohio-4968, ¶ 19; *see also Citimortgage, Inc. v. Fangman*, 12th Dist. Clermont No. CA2013-03-020, 2013-Ohio-3316, ¶ 4. Therefore, because the Beardens cannot use their Civ.R. 60(B) motion as a substitute for a direct appeal, and their claim regarding the trial court's failure to comply with Civ.R. 55 should have been raised on direct appeal, we reject the Beardens' remaining argument.

{¶ 33} Based on the above, we find the Beardens failed to demonstrate to the trial court that they were entitled to relief under Civ.R. 60(B), and therefore, the trial court abused its discretion in granting the Beardens' motion to set aside the default judgment. Accordingly, we sustain 1031 Properties' assignment of error, reverse the trial court's decision, and reinstate the default judgment in 1031 Properties' favor.

{¶ 34} Judgment reversed.

HENDRICKSON, J., concurs.

PIPER, P.J., dissents.

**PIPER, P.J., dissenting.**

{¶ 35} I would affirm the trial court's decision to vacate the default judgment and therefore respectfully dissent from the majority opinion. The trial court did not abuse its

- 12 -

discretion.

## No Second Cause

{¶ 36} My colleagues are correct that 1031 Properties indicated it was not pursuing a second cause *at this time*. *Ante* at ¶ 28. However, requesting a second cause would have entailed *the court* notifying all parties of a specific date while in court. Normally, the second cause hearing date would have been set even though an agreement had been entered into by the parties. By setting a second cause hearing date not only would it have given notice to the Beardens but also it would have ensured that the agreement was honored, and if it was not, a hearing would take place. However, here, 1031 Properties indicated it was not currently asking for a second cause.

{¶ 37} 1031 Properties *never* sought a second cause. Instead, it orchestrated alternative proceedings to pursue a default judgment with the trial court's magistrate. After the trial court became aware that it had inadvertently adopted the magistrate's default judgment, the court vacated that default judgment so that a fair and full hearing could be held to determine the appropriate damages.

{¶ 38} When 1031 Properties decided not to ask for a second cause hearing, it prevented what normally would have happened in an FED case. The court would have sent out notice of a hearing date for the Beardens to appear. Pursuing an alternate procedure, 1031 Properties side-stepped a notice being sent from the court to the Beardens. Due to this alternative procedure employed by 1031 Properties, "the trial court did not provide the Beardens with notice of a hearing regarding 1031 Properties' motion for default judgment and did not hold such a hearing before entering a default judgment in 1031 Properties' favor." *Ante* at ¶ 32. Therefore the record is clear the default judgment herein transpired as the result of a number of procedural irregularities that the record cannot explain, and which cannot render the default judgment reasonably justified. Although after-the-fact, the

trial court recognized this and vacated the judgment so that the parties could fully litigate the matter. Ohio jurisprudence in notions of fundamental fairness would support the trial court's exercise of discretion.

**Sound Use of Discretion**

{¶ 39} I would reiterate that the decision to grant or deny a motion for relief from judgment lies in the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. *Cox v. Zimmerman*, 12th Dist. Clermont No. CA2011-03-022, 2012-Ohio-226, ¶ 14. An abuse of discretion connotes more than an error of law or judgment; it implies the trial court acted unreasonably, arbitrarily, or unconscionably *Middletown App., Ltd. v. Singer*, 12th Dist. Butler Nos. CA2018-08-165 and CA2018-11-224, 2019-Ohio-2378, ¶ 12.

{¶ 40} The "meritorious defense" my colleagues find lacking can be found in the Beardens' motion to set aside default judgment, which alleges the Beardens had no opportunity to litigate the issue of damages and would have refuted the damages granted by the default judgment. Furthermore, the trial court obviously determined that the numerous irregularities fell within the gambit of Civ.R. 60(B)(1) thru (5) and that the Beardens' request to set aside the default judgment was timely. Therefore, in denying deference to the trial court's discretion, the majority's application of *GTE* for support is overly-strict and misguided. As the majority writes; "Civ.R. 60(B) * * * should be liberally construed." *Ante* at ¶ 19. While the magistrate applies *GTE* contrary to the Beardens' request for relief, it is important to note the trial court did not adopt the magistrate's decision. *Ante* at ¶ 11.[1]

{¶ 41} The trial court exercised its discretion to vacate its own judgment, recognizing

---

1. One could argue that in effect, the majority's decision affirms the trial court's magistrate's decision even though the trial court never expressly adopted its magistrate's decision.

the need for further proceedings. It is not an abuse of the trial court's discretion where the trial court knew of the procedural irregularities that had occurred in its court. The trial court became aware that a second cause hearing was never held, and knew that it had not provided notice to the Beardens of the default judgment hearing. The trial court's vacation of its prior judgment was its attempt to rectify the situation and provide both the Beardens and 1031 Properties their full and fair day in court. The trial court's decision in that regard was not unreasonable, arbitrary, or unconscionable; quite the contrary.

### Need for Hearing on Damages

{¶ 42} Moreover, it is undisputed that Ohio law clearly favors disposition of cases upon their merits rather than on procedural technicalities. *Jones v. Contemporary Image Labeling, Inc.*, 12th Dist. Warren No. CA2009-02-017, 2009-Ohio-6178, ¶ 9. Likewise, there is no dispute that Civil Rule 60(B)(1) "is a remedial rule to be liberally construed." *Colley v. Bazell*, 64 Ohio St. 2d 243, 248 (1980).

{¶ 43} The well-settled jurisprudence is especially significant here where there was never a hearing on the amount of damages to be awarded. The trial court obviously found this to be unfair and unjust, and so do I. The magistrate merely had an affidavit alleging what damages were purportedly owed. However, the magistrate took no evidence, never issued findings of fact in regard to what damages actually occurred, and did not make any credibility determination regarding support for the damage allegations. Thus, the trial court's vacation of the judgment on damages was proper because it would allow the trial court to hold a hearing on the damages issue, provide the Beardens an opportunity to defend against the allegations, and allow evidence to support what damages, if any, actually occurred. This is what the trial court wanted to occur, and taking the necessary steps to allow for the hearing was within the trial court's broad discretion.

**Conclusion**

{¶ 44} The trial court did not abuse its discretion when it vacated the default judgment, which had been premised upon multiple irregularities. The trial court's judgment prioritizing the need for a hearing on damages was not unwise or unreasonable. The trial court exercised its discretion so that both parties would have a full and fair hearing resulting in a just outcome. In the matter sub judice, truncated proceedings do not equate to fair proceedings. Thus, I respectfully dissent from the majority's decision holding that the trial court's decision in these matters was unreasonable, arbitrary, and capricious.