[Cite as *Wallace Equine Servs., L.L.C. v. J. Arnold Property Mgt. Group, L.L.C.*, 2023-Ohio-1498.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

WALLACE EQUINE SERVICES, LLC,

Plaintiff-Appellant,

v.

THE J. ARNOLD PROPERTY MANAGEMENT GROUP, LLC,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 MA 0035**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2021 CV 1776

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Jason M. Rebraca,* 12 West Main Street, Canfield, Ohio 44406, for Plaintiff-Appellant and

*Atty. Matthew C. Giannini*, 1040 South Commons Place, Suite 200, Youngstown, Ohio 44514, for Defendant-Appellee.

Dated: May 4, 2023

**D'Apolito, P.J.**

**{¶1}** Appellant, Wallace Equine Services, LLC ("Wallace"), appeals from the March 21, 2022 judgment of the Mahoning County Court of Common Pleas granting Appellee's, The J. Arnold Property Management Group, LLC ("Arnold"), motion to vacate default judgment. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

**{¶2}** On October 4, 2021, Wallace filed a complaint against Arnold for failure to pay for excavation services. Successful service was not made until December 27, 2021.

**{¶3}** On January 24, 2022, Wallace electronically filed a motion for default judgment seeking $32,780 in damages. On February 7, 2022, Arnold electronically filed a motion to file instanter, requesting the trial court to allow it to file an answer and counterclaim instanter.

**{¶4}** On February 8, 2022, the trial court granted Arnold's motion to file instanter. There is no reference in the entry regarding a date on which Arnold had to file its answer and counterclaim. On March 8, 2022, the court entered default judgment in favor of Wallace in the amount of $32,780 plus costs and interest.

**{¶5}** On March 18, 2022, at 10:05 a.m., Arnold electronically filed a motion to vacate the trial court's March 8, 2022 default judgment. Specifically, Arnold stated the following in its motion:

> This motion was filed in accordance with the Ohio Rules of Civil Procedure 56(B). The basis of the motion is that the Court executed an Entry/order signed by the Magistrate permitting the Defendant [Arnold] to file an Answer and Counterclaim on or about the 8th day of February, 2022 at 9:42 AM. The Answer and Counterclaim were filed at the time simultaneously with the Motion and Entry. A copy of the Order was provided to Plaintiff's [Wallace's] Counsel. As previously indicated, all matters are to be decided based upon the facts and not on a technicality. As indicated, the Answer and Counterclaim were filed approximately one month prior to the filing of the Default Entry. The Clerk's Office and/or the Assignment Commissioners

Office may not have processed the Answer and Counterclaim simultaneously and as a result, the Court needs to have it processed and the prior Entry vacated and the hearings scheduled in accordance with the Ohio Rules of Civil Procedure.

(3/18/2022 Motion to Vacate, p. 1).

**{¶6}** Later on March 18, 2022, at 3:12 p.m., Wallace electronically filed a response to Arnold's motion to vacate asserting Arnold's motion should have been filed under Civ.R. 60(B), not under Civ.R. 56(B). (3/18/2022 Response to Motion to Vacate, p.1). Wallace stressed that Arnold failed to demonstrate, let alone allege, a meritorious defense through its motion to vacate. (*Id.* at p. 3).

**{¶7}** On March 21, 2022, the trial court disagreed with Wallace and granted Arnold's motion to vacate. The next day, March 22, 2022, Arnold's answer and counterclaim against Wallace alleging breach of contract, negligent excavation and other duties, unjust enrichment, Ohio Consumer Sales Practice Act, and breach of implied warranties were electronically filed. (3/22/2022 Answer and Counterclaim, p. 4-9).

**{¶8}** Wallace filed a timely appeal and raises one assignment of error.

## ASSIGNMENT OF ERROR

**THE COURT OF COMMON PLEAS ERRED IN VACATING THE DEFAULT JUDGMENT ENTRY.**

**{¶9}** In its sole assignment of error, Wallace asserts the trial court erred in vacating the default judgment entry. Wallace contends the court abused its discretion for the reasons that Arnold's motion to vacate did not cite to grounds for relief under Civ.R. 60 and it did not allege a meritorious defense to the complaint. (7/1/2022 Appellant's Brief, p. 8).

**{¶10}** Appellate courts review a trial court's decision to grant or deny a motion to vacate default judgment for an abuse of discretion. *Taylor v. Grace Services, Inc.,* 7th Dist. Columbiana No. 91-C-21, 1992 WL 37806, *2 (Feb. 26, 1992). Abuse of discretion implies the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶11}** In support of its position that the trial court did not abuse its discretion in granting its motion to vacate, Arnold sets forth the following procedural explanation:

Once the Complaint for monetary damages was, in fact, filed with the Mahoning County Common Pleas Court by the Plaintiff/Appellant [Wallace], the Defendant/Appellee [Arnold] filed a Leave to File an Answer and Counterclaim electronically. For whatever reason, when the clerk processed the document, it only processed the Motion for Leave and the Judgment Entry and did not file the Answer and Counterclaim unbeknownst to Defendant/Appellee's [Arnold's] counsel. A copy of the Answer and Counterclaim as well as the Motion and Entry were forwarded to Plaintiff/Appellant's [Wallace's] counsel. Plaintiff/Appellant [Wallace] then filed a Motion for Default Judgment which was granted at that time. Once the Defendant/Appellee [Arnold] became aware of what had occurred the Defendant/Appellee [Arnold] then filed a Motion to Vacate and [an] Answer and Counterclaim once again. The court granted it based upon the fact that the matter should be resolved based upon the facts of the case and not a hypertechnicality.

(7/28/2022 Appellee's Brief, p. 5-6).

**{¶12}** This court agrees with Arnold's position and the trial court's decision. "Fairness and justice are best served when a court disposes of a case on the merits." *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 193 (1982). The main objective of justice is that cases should be decided on their merits rather than upon procedural niceties and technicalities. *Id.* at 192-193; *Perotti v. Ferguson*, 7 Ohio St.3d 1, 3-4 (1983).

**{¶13}** This case was not left outstanding for a lengthy time nor did it cause undue hardship or prejudice to Wallace. Rather, the record reveals this matter transpired within a relatively short timeframe, as outlined by the dates addressed above. In addition, contrary to Wallace's position, we determine that by filing an answer and counterclaim, Arnold presented a meritorious defense. *See generally Cantrell v. Trabbic*, 6th Dist. Fulton No. F-81-7, 1981 WL 5419, *1 (Oct. 16, 1981); *Starr v. White*, 1st Dist. Hamilton No. C-840821, 1985 WL 11461, *1 (Sept. 4, 1985); *Magicable, Inc. v. Lynn*

*Telecommunications, Inc.,* 11th Dist. Portage No. 1603, 1986 WL 4225, *2 (Apr. 4, 1986).

**{¶14}** This court stresses that actions should be examined on a case-by-case basis. We emphasize that our decision to affirm here is limited to the particular facts and procedure in this case. *See, e.g., Covarrubias v. Lowe's Home Improvement, L.L.C.,* 8th Dist. Cuyahoga No. 109819, 2021-Ohio-1658, ¶ 33. Upon consideration, the trial court did not abuse its discretion in granting Arnold's motion to vacate as fundamental fairness requires that this case be decided on its merits. *DeHart, supra,* at 192-193; *Perotti, supra,* at 3-4.

## CONCLUSION

**{¶15}** For the foregoing reasons, Wallace's sole assignment of error is not well-taken. The March 21, 2022 judgment of the Mahoning County Court of Common Pleas granting Arnold's motion to vacate default judgment is affirmed.

Waite, J., dissents with dissenting opinion.

Hanni, J., concurs.

Waite, J., dissenting.

**{¶16}** Appellant Wallace Equine Services, LLC, is challenging the decision of the trial court to vacate a default judgment rendered in Appellee J. Arnold Property Management Group, LLC's favor. Appellant correctly contends that a motion to vacate a default judgment under Civ.R. 60 must meet the requirements set forth in *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150, 351 N.E.2d 113 (1976). Appellant argues that two of the three factors in *GTE* have not been met and that the judgment should be reversed. In its opinion in this matter, the majority completely omits any review of the applicable *GTE* standard. It is clear from this record that Appellee failed to meet the *GTE* requirements for vacating a default judgment, and so, was not entitled to have the default judgment vacated. For this reason I respectfully dissent from the majority Opinion.

**{¶17}** On October 4, 2021, Appellant filed a complaint against Appellee. Successful service was made on December 21, 2021. On January 24, 2022, Appellant electronically filed a motion for default judgment, seeking $32,780 in damages. At this point, no answer to the complaint had yet been filed. On February 7, 2022, Attorney Matthew C. Giannini entered an appearance on behalf of Appellee.

**{¶18}** On February 7, 2022, Appellee electronically filed a motion to file instanter. The motion asked the court to allow it to file an answer and counterclaim instanter. The record of the motion on the clerk of courts website, however contains no copy of an answer and counterclaim, and reflects a filing of only the motion, itself. The motion does not state that a copy of an answer and counterclaim were attached as an exhibit or were being filed simultaneously with the motion seeking leave. The certificate of service does not reflect that Appellee sent a copy of an answer and counterclaim to Appellant, but solely reflects that the motion seeking leave to file was served on Appellant. The physical record from the clerk of courts' office does not have as an attachment an answer and counterclaim.

**{¶19}** On February 8, 2022, the motion to file instanter was granted.

**{¶20}** As Appellee filed nothing further, on March 8, 2022, the trial court entered default judgment in favor of Appellant in the amount of $32,780 plus costs and interest.

This entry was a final, appealable order. Again, Appellee did not file an answer or any other document between February 8, 2022, and March 8, 2022.

**{¶21}** On March 18, 2022, Appellee filed a motion seeking to vacate the default judgment pursuant to Civ.R. 56. Civ.R. 56 deals with summary judgment, and it is not clear why the motion relies on this rule. Again, no copy of Appellee's answer to the complaint was attached to this motion, nor was there any assertion or suggestion that Appellee had a meritorious defense to the underlying complaint. The motion stated that "The Clerk's Office and/or the Assignment Commissioners Office may not have processed the Answer and Counterclaim simultaneously and as a result, the Court needs to have it processed * * *." The certificate of service attached to the motion reflects that only the motion itself was served on Appellant.

**{¶22}** On March 18, 2022, Appellant filed a reply opposing Appellee's motion to vacate. The reply stated that "Plaintiff has not been served with a copy of either the Answer or Counterclaim."

**{¶23}** On March 21, 2022, the trial court granted the motion to vacate.

**{¶24}** Appellant points out that Appellee must have intended to seek relief from default judgment under Civ.R. 60(B): "Civ.R. 60(B) * * * is the proper device to seek relief from a default judgment. Civ.R. 55(B) * * *." *1031 Properties, LLC v. Bearden*, 12th Dist. Butler No. CA2020-03-046, 2021-Ohio-1232, ¶ 16. Civ.R. 60(B) states: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding * * *." Appellant is correct that *GTE* sets forth a mandatory three-prong standard a trial court must use when ruling on a Civ.R. 60(B) motion to vacate a judgment. Under the first prong of the *GTE* standard, the party attempting to overturn judgment must demonstrate to the trial court that it has a meritorious defense to the underlying claims in the complaint should the default judgment be overturned. Appellant argues that Appellee never raised even the suggestion it possessed a meritorious defense to the allegation in the complaint, either within the record or directly to Appellant, until after the default judgment had been vacated. Thus, Appellant urges that the trial court had before it no basis on which to grant Appellee relief from the default judgment at the time the trial court did grant such relief.

Case No. 22 MA 0035

**{¶25}** Most of Appellee's brief on appeal purports to address the allegation that it failed to present to the trial court any meritorious defense. Near the end of its brief, Appellee touches upon a possible reason why its answer and counterclaim was not made part of the record on February 7, 2022. Appellee alleges that it filed the answer electronically on February 7, 2022, as part of a motion for leave to file instanter, but that the clerk of courts may have neglected to actually file the answer. Appellee believes that this explanation, in and of itself, was sufficient for the trial court to vacate the default judgment.

**{¶26}** This appeal is, in fact, governed by *GTE*. In *GTE*, the trial court granted a motion to vacate a default judgment, which was later reversed by the Tenth District Court of Appeals. The Ohio Supreme Court held that "Civ. R. 55(B) allows the trial court to set aside a default judgment in accordance with Civ. R. 60(B)." *Id.* at 150. It also set forth the following mandates:

> To prevail on his motion under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*Id.* at 150-151.

**{¶27}** *GTE* also set forth the standard of review of an order which grants a Civ.R. 60(B) motion for relief from judgment as abuse of discretion. *Id.* at 153. An abuse of discretion in this context connotes that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Hein Bros. v. Reynolds*, 7th Dist. Belmont No. 21 BE 0017, 2021-Ohio-4633, ¶ 63, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). It is important to recognize that all three factors set forth in *GTE* must be satisfied. Otherwise, the decision to grant a Civ.R. 60(B) motion to overturn a default

judgment connotes an abuse of discretion. *Wells Fargo Bank, N.A. v. Stevens*, 7th Dist. Mahoning No. 12 MA 219, 2014-Ohio-1399, ¶ 19.

**{¶28}** The parties do not appear to dispute that the third prong of *GTE* was satisfied. The motion to vacate this default judgment was filed ten days after judgment was granted, well within the time allotted by Civ.R. 60(B). Therefore, the remaining question is whether the first two prongs of *GTE* were satisfied. If not, it was an abuse of discretion to vacate the default judgment in this case. It is clear from the record of this case that the first prong of *GTE* was not met and that the trial court's decision otherwise should be reversed.

**{¶29}** It is evident from the record that Appellee did not raise any type of meritorious defense (the first prong of *GTE*), either within the record or in any document served on Appellant prior to the time the trial court granted Appellee's motion to vacate the default judgment. The trial court docket notes that Appellee filed an answer and counterclaim on March 22, 2022, but as that was after the motion to vacate was already granted, this answer and counterclaim is not part of this record and is not properly before us on appeal. The final appealable order under review was filed on March 21, 2022. A reviewing court cannot consider matter on appeal that was not before the trial court at the time it made its ruling. *Palmer v. Palmer*, 7th Dist. Belmont No. 12 BE 12, 2013-Ohio-2875, ¶ 16.

**{¶30}** Appellee had opportunities, and yet failed to present its answer (or any suggestion Appellee had a meritorious defense to the underlying cause of action in the complaint) on three separate occasions in this matter. First, the answer was clearly not submitted within the 28-day time limit allotted by the Rules of Civil Procedure for filing an answer. Civ.R. 12(A)(1). The parties do not dispute this fact.

**{¶31}** Second, no answer or defense was submitted with the February 7, 2022, motion to file instanter. The answer and counterclaim, which presumably would raise a meritorious defense to the allegation in the complaint, was not attached to the motion. Neither was there any description of any such meritorious defense discussed or even mentioned in the motion itself. Again, the parties do not dispute this fact. The entirety of the motion states: "Now comes the Defendant, by and through counsel, and hereby moves this honorable court for an order permitting him to file and [sic] Answer and

Counterclaim, Instanter." (2/7/22 Motion.) The motion to file instanter was granted the next day. Up to and including the date of March 8, 2022, the record reflects that Appellee still did not file any answer. When on March 8, 2022, no answer had yet been filed, the trial court granted Appellant's pending motion for default judgment.

{¶32} Third, Appellee also failed to set forth a meritorious defense to the complaint as part of its motion to vacate the default judgment filed on March 18, 2022. No meritorious defense was mentioned in the body of the motion, and the only attachment to the motion was a copy of the February 8, 2022 order granting Appellee's request to file an answer. Appellant responded to Appellee's motion to vacate the same day, raising virtually the identical arguments it presents on appeal: that the first two prongs of the *GTE* test have not been met, as required. Without any basis in the record, the trial court granted the motion to vacate on March 21, 2022.

{¶33} Appellee does argue that the clerk of courts' office may have erred in failing to record its answer as part of the record on February 7, 2022. This claim goes to the second prong of *GTE*, which is that the movant must establish one of the five reasons for granting relief listed in Civ.R. 60(B)(1)-(5). The first of those reasons is "mistake, inadvertence, surprise or excusable neglect[.]" Civ.R. 60(B)(1). In Appellee's March 18, 2022 motion to vacate, there is an assertion that the answer and counterclaim was filed simultaneously with the motion to file instanter on February 7, 2022. Counsel speculates that the answer was not processed by the clerk of court for some unknown reason. This speculation can only be directed towards establishing Appellee's excusable neglect in failing to ensure its answer and counterclaim appear in the record. As to this prong, counsel offers only his conjecture and provides no evidence to support this speculation, and has failed to explain why Appellee did not serve Appellant at any time with a copy of the answer and counterclaim it purportedly had filed until after the default judgment was vacated. Assuming the trial court accepted Appellee's assertion as true and an error occurred at the clerk of courts' office, this assumption satisfies only the requirement that Appellee prove excusable neglect. This record is still entirely devoid of any assertion as to Appellee's meritorious defense to the allegations contained in the complaint. Again, it is mandatory that all three prongs of *GTE* must be shown in the record to support the trial court's ruling. Because this record reveals that no attempt was made to prove one of the

three mandatory prongs of the legal test, Appellee's argument still fails and the judgment of the trial court must be reversed.

**{¶34}** The *GTE* requirement that Appellee must present a meritorious defense refers to a defense to the underlying civil action, not a defense explaining why one's neglect may be excusable, one of the grounds for relief in Civ.R. 60(B)(1)-(5). *Carkido v. Hasler*, 129 Ohio App.3d 539, 550, 718 N.E.2d 496 (7th Dist.1998). "This factor requires the movant to initially allege operative facts which would support a defense to the judgment." *Ohio Valley Mall Co. v. Lemstone, Inc.*, 7th Dist. Mahoning No. 00-C.A.-130, 2002-Ohio-1556, ¶ 55, citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). Appellee appears to believe that its "meritorious defense" requirement is fulfilled by the assertion that it filed its answer much earlier than is reflected in the record due to some type of neglect or error at the clerk's office. Again, this allegation in no way constitutes an actual meritorious defense, that is, a defense to the underlying cause of action.

**{¶35}** For Appellee to have included a statement of its meritorious defense as part of the motion to vacate could not have been an arduous task, since the alleged defense must merely be asserted, and not proven, by the party seeking to vacate judgment. *Ohio Dept. of Job & Family Servs. v. State Line Plumbing & Heating, Inc.*, 7th Dist. Mahoning No. 15 MA 0067, 2016-Ohio-3421, ¶ 15. The movant, though, must allege operative facts with enough specificity to allow the trial court to decide whether a meritorious defense exists. *Masters Tuxedo Charleston, Inc. v. Krainock*, 7th Dist. Mahoning No. 02 CA 80, 2002-Ohio-5235, ¶ 13.

**{¶36}** "The Supreme Court acknowledges the fine line this rule forces courts to tread, as the preference to hear a case on its merits must be balanced with the necessity of enforcing pleading rules and deadlines." *E. Grace Communications, Inc. v. BestTransport.com, Inc.*, 7th Dist. Jefferson No. 02 JE 4, 2002-Ohio-7175, ¶ 11. The majority Opinion relies solely on this general notion that cases should be heard on their merits, instead of addressing the relevant precedent from the Ohio Supreme Court contained in *GTE*. "[T]he integrity of procedural rules is dependent upon consistent enforcement because the only fair and reasonable alternative thereto is complete abandonment." *Miller v. Lint*, 62 Ohio St.2d 209, 215, 404 N.E.2d 752 (1980).

**{¶37}** As there was no evidence, or even any assertion, on which the trial court could possibly have relied to satisfy the first prong of *GTE*, and Appellee had a mandatory duty to satisfy all three prongs, this record shows the trial court abused its discretion in granting the motion to vacate the default judgment.

**{¶38}** In my estimation, Appellant's assignment of error has merit and should be sustained. The trial court abused its discretion in vacating this default judgment. For all these reasons, I dissent from the majority Opinion.

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**